## THE STATE vs. HORNBEAK.

1. An indictment, charging that the defendant did "unlawfully sell one half pint of brandy, of the value of ten cents, to one William Pryor, and suffered the same to be drank at the place of sale, without then and there having a grocer's license, dram-shop keeper's license, an inn-keeper's license, or any legal authority to sell said brandy, in manner and form as aforesaid," is good. The negation as to license is broad enough.

## APPEAL from Greene Circuit Court.

GARDENHIRE, Attorney General, for the State.

1. The indictment charges the absence of a license generally, and is sufficient: State vs. Brown, 8 Mo. R. 212; affirmed in Neales vs. The State, 10 Mo. R. 500.

2. The indictment negatives "any legal authority to sell" whatever. This general (8 Mo. R. 212) negation necessarily includes the negative contended for.

3. In an indictment for selling spiritous liquors by the small, an averment for the sale of rum, brandy and gin, is sufficient, without an averment that they were spiritous liquors. They are different species of spiritous liquors, considering that the genus: State vs. Munger, 15 Ver. R. 295.

HENDRICK, for respondent.

The respondent insists that the indictment is bad for the following reasons:

1. The indictment is uncertain.

2. The indictment does not negative that defendant had tavern license, which tavern license would authorize the sale. See Rev. Code 1845, p. 584, secs. 1, 2 and 3.

For these reasons the judgment of the circuit court ought to be sustained.

Ryland, J., delivered the opinion of the court.

The defendant, James F. Hornbeak, was indicted for selling one-half pint of brandy and suffering it to be drank at the place of sale without license.

He appeared to the indictment and moved the court to quash the same, which motion the court sustained; the State excepted to the opinion of the court quashing the indictment; filed her bill of exceptions and brought the case here by appeal.

In looking into the indictment I find that it charges that the defendant did "unlawfully sell one-half pint of brandy of the value of ten cents to one William Pryor, and suffered the same to be drank at the place of sale, without then and there having a grocer's license, dram-shop keeper's license, an inn-keeper's license, or any legal authority to sell said brandy in manner and form as aforesaid."

This case differs from the one of the State vs. Haden, just decided by this court. Here the negation as to license is broad enough; it negatives grocer's, dram-shop keeper's, inn-keeper's, or any legal authority to sell. This indictment is substantially good. It is an indictment for selling liquor without license. The part which avers that the liquor was suffered to be drank at the place of sale may be stricken out as surplusage. Strike this part out and the indictment will still be good; this averment does not vitiate the allegation of the sale without license. This part being stricken out of the indictment, it then clearly appears that the defendant sold liquor in the county, the time when he sold it, the description of liquor sold, the quantity, the price, the person to whom sold, and the general negation of license and authority to sell.

The indictment then, although very carelessly drawn, being in my opinion sufficiently good to support a judgment, the court below erred

in sustaining the motion to quash. Its judgment is therefore reversed, the other judges concurring, and this cause is remanded to be further proceeded with according to the views of this court herein expressed.