### CHIPMAN SWAIN *v.* AUGUSTUS BARBER.

#### *Co-sureties. Contribution. Bankruptcy.*

A surety who had not paid anything on account of his liability for his principal had no claim against his co-surety, either contingent or otherwise, by reason of that liability, which could be proved and allowed against him under the late United States bankrupt law. And a discharge and certificate duly granted under the provisions of that law is no bar to a claim for contribution by a co-surety on account of a payment made after the granting of the discharge upon a liability for their principal which existed before.

ASSUMPSIT for money paid, &c. Plea, that the defendant made his petition under the late United States bankrupt law, February 3d, 1843, was declared a bankrupt March 21st, 1843, and obtained his certificate January 16th, 1844, and that the plaintiff's cause of action accrued before the defendant so became a bankrupt, and was provable under said act of bankruptcy. Replication, that the money paid out by the plaintiff for the defendant was paid after said discharge and certificate in bankruptcy; without this that the cause of action accrued to the plaintiff before the defendant became a bankrupt, or was provable under said act of bankruptcy. Rejoinder, that the money was paid by the plaintiff in respect to a debt which accrued due from the defendant to the plaintiff before the discharge and certificate in bankruptcy, and that the causes of action did not accrue after said discharge and certificate. Trial by the court, April Term, 1856,—UNDERWOOD, J., presiding.

The plaintiff proved that he and the defendant on the 26th of January, 1842, signed a note to N. & H. Hadley, as co-sureties for Anson Barber; that the plaintiff paid out on said note after the 15th of March, 1845, as such surety, the sum of two hundred and fifteen dollars. It appeared also in evidence that the defendant, on the 16th of January, 1844, pursuant to regular proceedings in bankruptcy, in the district court for the district of Vermont, was duly discharged and received his certificate. Upon this testimony the court decided that the proceedings in bankruptcy were a bar to the plaintiff's action, and rendered judgment for the defendant. Exceptions by the plaintiff.

*Keyes & Howe,* for the plaintiff.

The county court decided the bankruptcy a sufficient bar upon

the decision in *Mace* v. *Wells*, 7 Howard 275. But that was a case of *surety* v. *principal*. The *surety* was liable contingently upon the contract, which gave him a right to prove his *contingent claim* under the fifth section United States bankrupt act upon the implied assumpsit, arising out of the *privity of contract*, at the time their relation commenced.

The present is an action by one surety against his co-surety for contribution for money paid in which there was no *privity* of contract in an ordinary sense; *Dearing* v. *Earl of Winchelsea*, 3 Bos. & P. 270 ; *Batchelder* v. *Fisk*, 17 Mass. 468. No implied assumpsit ; *Carrol* v. *Edwards*, 3 Bos. & P. 268.

Until payment there was no claim, absolute or contingent. After payment his claim for contribution arose against his co-surety, not from any *privity* of contract, but from a "fixed principle of justice," based upon the relation in which the two sureties stood to each other; 1 Story's Eq. Juris., secs. 492–3; 4 John. Ch. 332.

The liability of a co-surety to contribute is not a claim before payment, but merely a possibility and cannot be proved before the commissioners, and if not, the certificate in bankruptcy cannot be a discharge for an after payment; Birge on Surety 488 ; Chitty on Contracts 523 ; *Wallis* v. *Swinbourne*, 1 Exch. 203 ; *Goss* v. *Gibson*, 8 Hump. 197 ; S. C. 9 U. S. Dig. 66, sec. 20 ; *Bennett* v. *Bartlett*, 6 Cush. 225 ; S. C. 13 U. S. Dig. 81, sec. 51 ; *Dunn* v. *Sparks*, 1 Carter 397 ; S. C. 13 U. S. Dig. 81, sec. 58 ; *Dale* v. *Warren*, 2 Red. 94 ; S. C. 12 U. S. Dig. 81, sec. 15 ; *Clements* v. *Langley*, 5 B. & Ad. 372 ; *Thompson* v. *Thompson*, 2 Bing. 168 ; *Woodward* v. *Hubert*, 24 Maine 358 ; *Ellis* v. *Ham*, 28 Maine 385.

*E. Kirkland*, for the defendant.

Swain was a *surety* within the fifth section of the United States bankrupt law, and might have proved his demand against Barber ; not having done so he is barred ; *Mace* v. *Wells*, 7 How. U. S. 274 ; *Crofts* v. *Mott*, 4 Coms. 603 ; *Wood* v. *Dodgson*, 4 Maul. & Selw. 195.

When Swain & Barber executed this note to N. &. H. Hadley, they became as between the Hadleys and themselves joint debtors,

but as between themselves, Swain was *surety* for Barber for one-half the debt, the very thing he now claims to recover ; *Crofts* v. *Mott*, 4 Coms. 603.

The opinion of the court was delivered by

ISHAM, J. This is an action of assumpsit by one surety against his co-surety for contribution. The defendant has pleaded a discharge in bankruptcy. The certificate of discharge was obtained January 16, 1844. The note was signed by the plaintiff and defendant as co-sureties before the defendant's discharge, but the payment of the money by the plaintiff was made afterwards. The question, under the issue presented by the pleadings in this case, arises, whether the plaintiff's claim for contribution is barred by that certificate. The fourth section of the bankrupt act provides, that the bankrupt shall be discharged from all liability for any matter or claim which could be proved under that commission. The fifth section specifies the claims which may be allowed or proved, and provides : " That all creditors whose debts are not due and payable until a future day, all annuities, sureties, indorsers, bail, or other persons having uncertain or contingent demands against the bankrupt shall be permitted to prove such debts, and have the same allowed, when they become absolute." Had this plaintiff a claim against the defendant for contribution, contingent or otherwise, which could be proved under that commission ? If such a claim existed this action cannot be sustained, but if otherwise, the plaintiff is entitled to recover. In the case of *Mace* v. *Wells*, 7 Howard 272, it was held, that *a surety* could prove a claim under proceedings in bankruptcy *against the principal*, though he had not paid the debt, nor had in any way been damnified by reason of his becoming surety. The certificate of discharge given to the principal was a discharge of any claim for subsequent payments made by the surety. The *direct liability of the surety to the creditor* for a debt then in *actual existence*, created at least a contingent claim, which could be proved under the fifth section of the act. But a different rule exists between co-sureties, where no payments have been made by either of them. As between co-sureties no claim exists until payment has been made upon the debt by one of them. There is no existing liability from

one surety to the other until that event; and where there is no liability upon a claim then in existence between the parties, there is no claim, contingent or otherwise, which can be proved under proceedings in bankruptcy. · At the time of the defendant's discharge, the plaintiff's claim was solely against the Hadleys for whom he had signed as surety, and for whom he was under an existing liability; and that claim was purely contingent, for it was founded only upon his liability to pay the debt. At that time the plaintiff had no claim against the defendant, his co-surety, contingent or otherwise. There was a mere possibility that a claim might arise in case the plaintiff should pay the debt. The distinction is well defined in reported cases " between subsisting debts which are payable on a contingency, and contingent liabilities which may never become debts;" the former may be proved under proceedings in bankruptcy, the latter, not. *Exparte Marshall,* 3 Dea. & Ch. 120; 2 Parson on Cont., Ed. of 1857, 657 and cases cited. In the case of *Woodard* v. *Hubert,* 24 Maine 358, it was held, that a distinction existed between *contingent demands* and *a contingency whether a demand will ever exist.* The former is provable, but not the latter. The same doctrine was sustained in *Ellis* v. *Ham,* 28 Maine 387; *Dole* v. *Warren,* 2 Reddington (Maine) 94; *Goss* v. *Gibson,* 8 Humph. 197; *Dunn* v. *Sparks,* 1 Carter 397. The plaintiff in this case could have made no claim upon the defendant previous to his discharge, for there was a contingency whether a demand would ever exist, and as a contingent claim it could not have been allowed. Neither did the plaintiff stand as surety for the defendant in that matter. He was surety for the principals on the note, but that relation does not exist between co-sureties; one is not a surety for the other. If that relation existed between them, the liability for contribution would arise upon contract, either express or implied. But the doctrine is well settled that that obligation exists independent of any contract. It rests upon principles of general equity. That is the doctrine of Justice STORY, 1 Eq. Juris., sec. 493, and of Lord BARON EYRE in *Deering* v. *Winchelsea,* 2 Bos. & Pul. 270.

The fifth section of the bankrupt act was obviously designed to embrace the same claims which were authorized to be proved under such a commission by the statute 6 Geo. 4. The cases in

the English courts under their statute on the question whether the claim of a surety against a co-surety is barred by a certificate in bankruptcy are very decisive and applicable. In Birge on Surety-ship 488, the rule is given, that "upon the bankruptcy of one surety, if a co-surety after the bankruptcy pay the debt, the co-surety has a demand against the bankrupt surety, which is not barred by the certificate which the latter may obtain;" *Clements* v. *Langley*, 5 B. & Ad. 372 ; *Brown* v. *Lee*, 6 B. & C. 689 ; *Wallis* v. *Swinbourne*, 1 Exchq. 203. Upon the authorities, there-fore, both English and American, we think the plaintiff's claim for contribution is not discharged by the defendant's certificate.

The judgment of the county court is reversed and the case remanded.