## Case No. 9,853.

In re MORSE et al.

[11 N. B. R. (1875) 482.][1]

District Court, E. D. Missouri.

BANKRUPTCY—NOTE INDORSED—NOTE IMPROPERLY APPROPRIATED—DEBT TWICE DEMANDED.

1. The Sectional Dock Company held two acceptances which its financial agent, without consideration, converted to the use of the bankrupts, a partnership of which he was a member. To do this, he indorsed the acceptances, without consideration, to the bankrupts, who indorsed the same and had them discounted for their own use, at the St Louis Savings Institution. The savings institution proved the demand against the bankrupt estate as second indorser, and the dock company also proved a demand therefor. The assignee objects to this, that the bankrupt estate cannot be compelled to pay thereon twice as much as it pays on any other demand. *Held*, that the savings institution could prove against the bankrupt estate the entire demand as against its indorsement, and whatever it receives therein is so much credit to be given; if after suit it recovers the whole amount from the maker or acceptor, it will stand as trustee to this estate for so much as it has obtained therefrom.

2. The dock company is entitled to prove its demand so far as the acceptances are concerned for so much money had and received to its use by the bankrupt.

3. A second item in the demand of the dock company arose as follows: Its financial agent executed, as accommodation maker, a note payable to the bankrupts, which the latter indorsed to M., who then indorsed and had it discounted and paid the proceeds to the bankrupts. When the note fell due, M. paid it as last indorser, and proved the amount thus paid by him against the bankrupt's estate, and also obtained judgment for the same amount against the dock company. The latter has not yet paid any part of the judgment, but seeks to prove the whole amount against the bankrupt's estate. *Held*, that this demand cannot be twice proved, and therefore M. will hold whatever dividends he receives as so much paid on the note, for which he must give credit on the judgment against the dock company.

The Sectional Dock Company has filed its claim against the bankrupt estate of Morse & Co., which, as to items hereinafter stated, the assignee disputes.

Mr. Garesche, for Dock Co.

Geo. W. Taussig, for assignee.

TREAT, District Judge. The dock company held two acceptances, which its financial agent, without consideration, converted to the use of the bankrupts, a copartnership of which he was a member. To do so, he indorsed said acceptances, without consideration, to the bankrupts, and they having indorsed the same had them discounted by the North St. Louis Savings Association, and received the proceeds of said discount for their own use. The copartnership of Morse & Co. having been adjudged bankrupt, and said acceptances not having been paid, and the liability of the indorsers having been fixed by protest and notice, said savings association proved the demand against said bankrupt estate as second indorser, and the Sectional Dock Co., to whom the acceptances belonged originally, has also proved a demand therefor. The objection interposed is that said bankrupt estate cannot be compelled to pay thereon twice as much as it pays on any other demand.

If the established doctrine, in Re Ellerhorst [Case No. 4,381], is to prevail—and it has been affirmed by the circuit court here—then the case is easy of solution. The acceptances belonged exclusively to the Sec-

[1] [Reprinted by permission.]

tional Dock Co., and were converted or misappropriated for the benefit of Morse & Co., who received therefor the proceeds of discount. To that extent at least the value of the choses in action so converted would prima facie appear, and thus the measure of damages would be, subject to rebutting proof, sufficiently established. But when to that fact is added that the Sectional Dock Company is charged as indorser, Morse & Co. must be held liable as if for money had and received from the dock company, or as for their value, for the whole amount of said acceptances. The title to said acceptances is now in the savings association, and as the case is presented, it is a bona fide holder for value. It may recover of the drawer or acceptor ultimately; and if it proves its demand against Morse & Co. as the last indorsers, certainly the assignee of the latter should be credited to the extent of the percentage he pays out of the fund recovered from the drawer or acceptor, provided the whole sum is collected from those primarily liable.

The case as between the dock company and the bankrupt estate is peculiar. The latter is indebted for the value of the converted choses, and is also liable as indorser thereon. If the savings association proves its demand against the bankrupt estate, which it has a right to do, whatever dividend it received is applicable to its demand on the paper; and when the bankrupt estate, as indorser, pays any sum on the acceptances, it will not be entitled to prove that demand against the dock company as prior indorser, which owed Morse & Co. nothing. The true view of the matter is this. The savings association can prove against the bankrupt estate the entire demand as against its indorsement, and whatever it receives therein is so much credit to be given; but as it cannot split its demand, in suing the prior indorser and maker and acceptor, if it recovers the whole amount from maker or acceptor, it will stand as trustee to this estate for so much as it has obtained therefrom. The doctrine sometimes asserted, that original demand is merged in judgment, so that no other recovery can be in the acceptances themselves, has been exploded; and, if ever applicable to an ordinary case on acceptances of this kind, it could not have any force where proof is made in bankruptcy against an indorser to obtain some percentage thereon. Thus, an allowance of a demand against the bankrupt indorser might, if the latter's estate paid in full, entitle his assignee to sue the prior parties to the paper; and the obligation to the former holder becomes discharged. But as it cannot be known until the bankrupt's estate is settled, how much will be paid, is the holder to be held fully satisfied because his demand is proved, so that the bankrupt's assignee can sue antecedent parties on the acceptances?

Without pursuing that inquiry, however, it is apparent that the Sectional Dock Company is entitled to prove its demand, on the facts agree, so far as the acceptances are concerned, for so much money had and received to its use by the bankrupt waiving the tort. It may be that the bankrupts will have to pay as indorsers to the holder also. With that the dock company has nothing to do. Any indorser may be so placed when the acceptor or maker fails to pay. His remedy over is solely against the latter. If the indorser were not in bankruptcy, and had paid as last indorser, could the bankrupts sue the dock company as prior indorser under the facts stated? As between them, the dock company was under no legal obligation to pay anything; but the bankrupts were, on the other hand, liable for the conversion. The bankrupts received from the savings association the proceeds of paper which it is bound as indorser to pay. The paper then would be in the bankrupts' hands, to which they have no legal right. It must account for and pay the value to the dock company.

The second item in the dock company's demand is as follows: Its financial agent executed, as accommodation-maker, a note payable to the bankrupts, which the latter indorsed to Manion, and Manion then indorsed and had it discounted in bank, the proceeds of which he paid to bankrupts. When the note fell due, Manion, as the last indorser, paid the same, and had the amount thus paid by him proved up in his own name against the bankrupt estate, and also obtained judgment for the same amount against the dock company. The latter has not yet paid said judgment, or any part thereof, but seeks to prove the whole amount thereof against the bankrupts' estate. Whatever Manion obtains from the bankrupts' estate will be for the benefit of the dock company. Had not bankruptcy intervened, there would be no difficulty in working out, through the law, the respective interests of the parties. The payee, as indorser, owed the holder—that is, he was bound to pay the holder, and if he did so he had no recourse against the accommodation-maker; for he had paid only his own debt. If the maker paid, he had a right to recover from the payee. Now, the holder sues both, and obtains from the payee, who was indorser, a prescribed sum. True, he proves for the whole amount due on the note, and receives his pro rata on the whole. Thus the bankrupts' estate has paid on its obligation all for which it is liable. The demand cannot be twice proved, in whole or part, against the bankrupt estate. Under the decisions referred to, Manion will hold whatever dividends he receives as so much paid on the note for which he is bound to give credit on the judgment against the dock company. The amount received by the bankrupts on the discounted acceptances will be allowed. The item on the Manion note will be rejected.