JOHN MEIS, Respondent, *v.* CHRISTIAN GEYER ET AL.; Appellants.

#### October 30, 1877.

An action by the endorsee of a negotiable promissory note against the endorser is an action upon the contract which the law implies, and not an action upon the note; and in such an action before a justice of the peace, the justice has no jurisdiction where the amount is in excess of his jurisdiction in actions founded on contracts other than bonds or notes for the payment of money.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*

JECKO & HOSPES, for appellants cited : *Stone* v. *Corbett,* 20 Mo. 350 ; *Murray* v. *Sunderland,* Mo. Sup. Ct. (not reported).

COLLIER & MUENCH, for respondent : Legislative intent. —*Schultz* v. *Pacific R. Co,* 36 Mo. 13 ; *The State* v. *Jaeger,* 63 Mo. 409. An action against the endorser is an action on the note. — Wag. Stat. 217, sec. 16 ; 2 Bouv. L. Dic. 386 ; Story on Prom. Notes, 1st ed., sec. 4.

BAKEWELL, J., delivered the opinion of the court

This action was begun July 5, 1876, before a justice of the peace of St. Louis County, on the following note :

" $250.00.             ST. LOUIS, April 5th, 1877.

" Sixty days after date I promise to pay to the order of P. H. Biermann two hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent per annum.

" ALBERT L. AUBIN."

The note is endorsed, " P. H. Biermann, C. Geyer & Son, Christian E. Sanners, John Meis, C. D. Hassmeyer."

Together with the note, and attached to it, was filed a notarial certificate of demand, notice, and protest, verified by affidavit. Ferdinand and Christian Geyer filed an affidavit denying the execution of the note by them. On trial, judgment was rendered against all the defendants, except Hassmeyer, not served. The Geyers appealed. The judgment of the justice was affirmed in the Circuit Court, for want of prosecution of the appeal. A motion in arrest of judgment was filed, on the ground that the justice of the peace had no jurisdiction of the action, and that the Circuit Court had, therefore, no jurisdiction of the appeal. This motion was overruled ; and defendants bring the cause here by appeal.

In the county of St. Louis, at the time of the commencement and trial of this action, justices of the peace had juris-

diction concurrent with the Circuit Court in all actions on notes for the payment of any sum of money exceeding $50 and not exceeding $300. On actions founded on contract, the jurisdiction of justices is limited to $200. It is contended by appellants that this action was not founded on the note in suit, so far as appellants are concerned, but was founded on their implied contract as endorsers, and that, therefore, the justice had no jurisdiction of the cause. It was decided in this State more than twenty years ago, in the case of *Stone* v. *Corbett*, 20 Mo. 351, that a suit by the assignee of a non-negotiable note against the assignor is not an action on the note; that it is not an action on a direct promise to pay money, but on the implied undertaking by the assignor to pay if the maker does not, provided due diligence be used by the assignee in coercing payment from the maker. Subsequently, the precise point presented in the case at bar was decided in the Supreme Court, in the case of *Murray* v. *Sunderland*. The case has not been reported, but the opinion was delivered May 11, 1864, and a certified copy of the opinion is before us. It was an action by the endorsee of a negotiable promissory note against the endorser and maker, commenced originally before a justice. The court says: " The question of jurisdiction turns upon what the action, as against Zoeller [the endorser] was founded on, — whether on the note or some other contract. If on the note, the court had jurisdiction ; but if not on the note, as the sum demanded exceeded $90, exclusive of interest, the utmost limit in actions on contracts other than bonds and notes, a justice had no jurisdiction. A promissory note is an express contract, the direct undertaking of the maker only ; on the other hand, the endorser's is an implied contract, and his liability is contingent. By his endorsement he impliedly undertakes that the note which he endorses shall be duly honored, and that if it is not, and he has due notice of the dishonor, he will pay the amount to the endorsee. It is upon this implied promise, and this

only, that an endorser is liable to an action. An action on a note, in the sense of the statute, is an action against the maker, and not against the endorser. *Stone* v. *Corbett*, 20 Mo. 350. The justice had no jurisdiction, and the court erred in overruling the motion to dismiss."

Counsel for respondent ask: "If the action against the endorser is not an action on the note, but upon a separate contract, then upon what principles of law can you at all sue the maker and endorser jointly?" We do not think that it has ever been contended that this can be done, on any "principle of law." In this State it is done in the Circuit Court by virtue of the statute. Wag. Stat. 1001, sec. 7. A similar provision existed in the old Practice Act. Sess. Acts, 1849, p. 76, sec. 8; *Holland* v. *Hunton*, 15 Mo. 478. How it can be done in the absence of any statute, and in view of these two decisions of the Supreme Court of the State, it is for those to say who do it.

That there is something to be said in favor of the view that the Legislature probably intended to confer jurisdiction upon a justice in an action upon a note or bill, against every party to the commercial paper, whether his liability was that of drawer, endorser, or maker, and thus to give increased currency to negotiable notes by furnishing a speedy remedy to the holder, we are not disposed to deny; and the fact that it has been the general practice to sue the endorser before a justice, on the note, — to sue him jointly with the maker, and to sue him for an amount in excess of the jurisdiction of the justice on contract, — may lead, perhaps, to serious complications in some cases. But this is a matter for which we are in no way responsible. The case of *Murray* v. *Sunderland* was not reported, and could not be generally known; but the case of *Stone* v. *Corbett* has been before the profession for a quarter of a century, and the principle decided in the two cases is substantially the same.

But, be this as it may, we do not feel justified in disregarding these two decisions of the highest tribunal in the

State ; and, on the authority of these cases, we think it our duty to reverse the judgment of the Circuit Court in the case at bar. If the rule is a bad one, the remedy is with the Legislature.

The judgment of the Circuit Court is reversed and the cause dismissed. All the judges concur.