FRANK B. YORK, Appellant, *v.* WILLIAM S. ROBERTS ET AL., Respondents.

### December 9, 1879.

1. Where title to property purchased under an execution sale under a justice's judgment is attacked, it is for the purchaser to show that the justice had jurisdiction.

2. Where it appears that judgment was rendered by a justice in one proceeding against the drawer and the acceptor of a bill of exchange for $300, interest, and damages, want of jurisdiction affirmatively appears.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

MARSHALL & BARCLAY, for the appellant: No title passes under an execution sale where the judgment under which the execution issued is in excess of the justice's jurisdiction. — *McClure* v. *Logan*, 59 Mo. 234; *Meis* v. *Geyer*, 4 Mo. App. 404.

SMITH P. GALT, for the respondents.

HAYDEN, J., delivered the opinion of the court.

The plaintiff, by virtue of a statutory assignment of the property of the Manufacturers' Union Company, claims in replevin certain personal property, to which the defendants assert title by virtue of a constable's sale under a judgment of a justice of the peace rendered in the case of *Broadway Savings Bank* v. *Manufacturers' Union Company et al.* On the trial below, the plaintiff proved that the property had belonged to his assignor, and that as assignee he took charge of it among the assets of the company. Upon cross-examination of plaintiff's witnesses, the defendant put in evidence, without objection, an original accepted bill, which, it appears, constituted the cause of action in the suit under which defendants claimed title. During the trial, the original summons, constable's return, the execution, return on execution, and also the notice of protest of the bill, were put in evidence, by way of laying the foundation for the title of defendants, who purchased at the constable' ssale. The court below instructed to the effect that if the execution offered in evidence by defendants came into the constable's hands before the fourteenth day of May, 1877, and the constable levied upon, and the defendant Roberts bought the property at the sale, and the property was delivered to him before the bringing of this suit, the jury should find for the defendant. The jury so found.

As the defendants claim title under an execution sale made by virtue of a judgment rendered by a justice of the

peace, it devolved upon them to show that the justice had jurisdiction. No objection was made to the introduction of the original papers, and on the face of these it would appear that the justice had no jurisdiction. Without suggesting any other questions, the defendant Ellison, who is also a defendant here, appears in that proceeding to have been sued as indorser, and judgment appears to have been rendered against drawer, acceptor, and indorser, as upon one proceeding, on an acceptance the amount of which is $300. Judgment was rendered against the three parties for $300 debt, and for $17.25 interest and damages. Thus the want of jurisdiction of the justice to render such a judgment appears on the face of the papers. *Meis* v. *Geyer*, 4 Mo. App. 404. The plaintiff here made out a *prima facie* case; and it is obvious that the defendants cannot sustain their title or possession by virtue of such a judgment.

The judgment is reversed; and, in the absence of any valid defence preferred by the defendants, the plaintiffs, on their evidence, would of course be entitled, upon a new trial, to judgment. All the judges concur.