WILLIAM THOMAS, Appellant, v. CHRISTIAN LIEBKE ET AL., Respondents.

December 7, 1880.

1. An accommodation maker of a negotiable note is not barred of his remedy against the payee and indorsee by reason of a composition with the latter's creditors to which the maker of the note was not a party.

2. In such a case the claim of the maker is not a claim upon the note, and is distinct from the claim proved up in the bankruptcy proceedings by the holder of the note.

3. It is immaterial that the maker's claim was not matured by a payment of the note at the date of the composition agreement.

4. Where there is no general discharge in bankruptcy proceedings, the statutory provision limiting the allowance to a surety does not apply.

5. To deprive a surety who has paid his principal's debt of a recourse upon the principal, the provision must appear in distinct terms, and must be strictly construed.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

D. T. JEWETT, for the appellant, cited: 18 U. S. Rev. Stats., 183, sect. 17; *Smith* v. *Krauskopf*, 20 N. Y. (S. C.) 526.

G. M. STEWART and PAUL BAKEWELL, for the respondents, cited: *In re Bechet*, 12 Nat. Bank. Reg. 201; *Miller* v. *MacKenzie*, 13 Nat. Bank. Reg. 496; *Beebe* v. *Pyle*, 71 N. Y. 21; *Slater* v. *Jones*, L. R. 8 Exch. 186; *Bank* v. *Ryerson*, 23 Iowa, 508; *Calloway* v. *Snapp*, 10 Reporter, 696.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff, for the accommodation of the defendants, and without other consideration, made six promissory notes, payable to the order of the defendants, who indorsed and sold them to certain banks. The defendants afterwards filed their petition in bankruptcy, and were adjudicated bankrupts on October 8, 1877. A meeting of creditors was called, and on October 26, 1877, a composition was agreed upon under sect. 5103, United States Revised Statutes, which composition was duly approved by the court and ordered to be recorded. The plaintiff was not a party to the composition, and his claim, if any he had, was not represented in that proceeding. The banks, as holders of the notes, were parties, and received the dividends of thirty per cent therein agreed upon. The plaintiff afterwards paid to the holders the several balances remaining due on

the notes, and instituted this suit to recover from the bankrupt defendants the sums so paid. The defendants pleaded the bankruptcy proceedings, which the Circuit Court held to be a complete defence.

It is immaterial to this controversy whether the banks might now question the propriety of the allowances in their favor. The rights of the present parties must be tested strictly by their relations with each other. The banks did nothing to affect the plaintiff's claim against the defendants. They knew him only as the maker of the notes, who had no claim, positive or contingent. But, as between him and the defendants, he was a surety, with a right to be protected against the responsibilities of a maker, and to be indemnified by the defendants if he should pay their debt. This right or claim was special and contingent. It was not a claim upon the notes, and was a wholly different claim from that which was introduced by the banks in the bankruptcy proceeding. The total absence of any such identity between them as the defendant's counsel-seem to assume, is strongly illustrated in *Hunt* v. *Taylor*, 4 Nat. Bank. Reg. 683; *Meis* v. *Geyer*, 4 Mo. App. 404; and *Stone* v. *Corbett*, 20 Mo. 350. It is, also, in our veiw of the case, immaterial whether the plaintiff's claim was matured by his payment of the notes, before or after the composition in bankruptcy.

There are numerous decisions to the effect that the claim of a surety against his principal is barred by the principal's discharge in bankruptcy. The same rule is applied to indorsers. But these rulings have never been founded upon any idea that an allowance in favor of the holder made the matter *res adjudicata* as against the surety. In the case of *Morse & Co.*, 11 Nat. Bank. Reg. 482, the Sectional Dock Company was accommodation maker for the bankrupts, whose indorser paid to his indorsee the amount due on the note, and then obtained an allowance against the estate in bankruptcy, and also a judgment against the Dock Com-

pany. The Dock Company endeavored to obtain, not a recognition as surety under the provisions of the bankrupt-law, but an absolute allowance against the estate. This was denied, Judge Treat holding that in the dividend upon the allowance already made the estate had paid all for which it was liable. The demand could not be twice proved, in whole or in part, against the same estate. But all this has no application to the present suit, which is not an attempt to obtain a second allowance in bankruptcy.

The true basis of the decisions referred to is found in the express provisions of the bankrupt-law. By sect. 5119, United States Revised Statutes, a discharge in bankruptcy duly granted releases the bankrupt, subject to certain limitations not here material, "from all debts, claims, liabilities, and demands which were, or might have been, proved against his estate in bankruptcy." Sect. 5070 provides : "Any person liable as bail, surety, guarantor, or otherwise, for the bankrupt, who shall have paid the debt, or any part thereof, in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor, if the creditor has proved the same, although such payments shall have been made after the proceedings in bankruptcy were commenced. And any person so liable for the bankrupt, and who has not paid the whole of such debt, but is still liable for the same, or any part thereof, may, if the creditor fails or omits to prove such debt, prove the same, either in the name of the creditor or otherwise, as may be provided by the general orders, and subject to such regulations and limitations as may be established by such general orders."

These provisions, or the corresponding provisions in the bankrupt-law of 1841, are referred to in all the cases which we have been able to find, as furnishing the sufficient and conclusive reason why a surety may not pursue his principal after a discharge in bankruptcy. The claim of the surety " might have been proved," and is therefore barred

forever. *Mace* v. *Wells*, 7 How. (U. S.) 272; *Lipscomb* v. *Grace*, 26 Ark. 231; *Fulwood* v. *Bushfield*, 14 Pa. St. 90; 311; *Kyle* v. *Bostick*, 10 Ala. 589; *Crafts* v. *Mott*, 5 Barb. *Hardy* v. *Carter*, 8 Humph. 153; *Baker* v. *Vasse*, 1 Cranch C. Ct. 194; *Hunt* v. *Taylor*, *supra*. On the other hand, where, for one cause or another, the claim of a surety could not be brought into the bankruptcy proceedings, it was held not to be barred by the discharge. *Ellis* v. *Ham*, 28 Me. 385; *Dole* v. *Warren*, 32 Me. 94; *Goss* v. *Gibson*, 8 Humph. 197; *Swain* v. *Barber*, 29 Vt. 292; *Dunn* v. *Sparks*, 1 Ind. 397.

If the bankruptcy proceedings, in the present case, had continued in the ordinary course to a final discharge, there might be no difficulty in following the decisions to a conclusion that the plaintiff's claim against the defendants was forever extinguished. But the proceedings were cut short by a composition. No discharge was granted by the court. No certificate was given, and none is pleaded in this cause.

Where there is a composition in bankruptcy, no general discharge is granted, because none is needed or is appropriate to the proceeding. *In re Bechet*, 12 Nat. Bank. Reg. 201. The composition is intended to affect none but those who either actually or constructively participate therein. The act of the creditors who thus agree operates, of itself, a release to the debtor of all further liability on their demands.

Sect. 5103, United States Revised Statutes, provides for the steps required to effect a composition. There must be a meeting of creditors, at which the debtor "shall produce a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due." A resolution is to be adopted concerning which the law declares: "The provisions of a composition accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due, and to whom,

are shown in the statement of the debtor produced at the meeting at which the resolution shall have passed, but shall not affect or prejudice the rights of any other creditors." In the present case, the plaintiff was not one of those whose names and addresses were shown in the statement produced by the debtors.

It may be argued that sect. 5070 fixes the *status* of a surety, so that he can in no event be benefited to an amount greater than the dividend upon the debt for which he is surety; this disability extending to any future claim against the bankrupt, on the same account, after his discharge. But it must be remembered that this disability as to the future rests entirely upon the fact of a discharge which comprehends the general array of claimants, whether consenting or not. Where there is no such discharge, there can, of course, be no such future disability, unless it may be discovered in some other provision of the law. Any regulation which is to deprive a surety who has paid the debt of his principal of all recourse against the party who ought to have paid it instead, is in derogation of common right. It should appear in clear and distinct terms, and must be strictly construed.

The provisions of sect. 5070, which define the rights of a surety, either apply to the case of a composition or they do not. If they do apply, then, by the express terms of the statute, he must be made a party by the insertion of his name and address, and the amount of his demand, in the statement to be produced by the debtor, so that he may avail himself of the benefits offered by the section; otherwise he will not be bound by the terms of the composition, and will remain as free to pursue his claim as if no such settlement existed. Nothing in the law places him upon a worse footing than that of creditors holding positive demands which, although they "might have been proved," may yet be afterwards enforced against the debtor, if the name and address of the creditor was omitted from the

statement.   If the provisions of the section do not so apply, then, inasmuch as no general discharge is granted to the debtor, the surety's common-law recourse upon his delinquent principal remains undisturbed by anything contained in the bankrupt-law.

We conclude that the plaintiff's right of action against the defendants as their surety, resulting from his position as their accommodation maker, and from his having paid part of their indebtedness, is not affected by the composition in bankruptcy, to which he was not made a party, either actually or constructively, in the manner prescribed by law.

The judgment will be reversed and the cause remanded. The other judges concur.

LEWIS, P. J., delivered the opinion of the court on a rehearing.

The decision in *Calloway* v. *Snapp*, 10 Reporter, 696, has no application to the present case.   There, the party exonerated from liability was a surety on the face of the paper. The creditor, who released the principal debtor by means of the composition, violated the rule which requires that the holder shall do nothing to impair the right of the surety to obtain indemnity from his principal in the event of his having to pay the debt.   But this rule always requires that the *status* of the surety, as such, be known to or recognized by the holder.   In the present case the plaintiff was, as to the holders who agreed to the composition, a maker of the notes, and not a surety.   He was a surety as between himself and the defendants, and not otherwise.

The other points made in the motion for a rehearing are fully disposed of by the reasoning in the opinion heretofore delivered.

The motion is overruled.   Judge HAYDEN concurs ; Judge BAKEWELL is absent.