EDWARD W. LIDDELL v. JAMES S. WISWELL.

*Discharge in Bankruptcy, when a Bar. Liability of Surety and Co-Surety.*

1. A discharge in bankruptcy is a bar to liability of a surety for his principal, but not to the equitable liability between co-sureties, in an action for contribution, when the payment was subsequent to the discharge.

2. In an action by a co-surety for contribution, the share to be recovered is determined by the number of solvent co-sureties in this State.

ASSUMPSIT. Appeal from the municipal court of Rutland. Plea of discharge in bankruptcy. Heard by the court on pleadings and an agreed statement, September Term, 1886, VEAZEY, J., presiding. Judgment *pro forma* for the plaintiff to recover the sum of $164.31 damages and $7.93 costs, it being one-third of the sum paid by the said Liddell to satisfy the judgment rendered against him on the note signed by the plaintiff, defendant, and seven other parties. In 1872, the plaintiff and defendant, residing at Hydeville, Vt., in common with other citizens, were interested in fitting up a lodge or club room for the use of a society to which they all belonged. To raise money therefor they executed a note, of which the following is a copy :

"HYDEVILLE, April 1, 1872.

"One day after date we jointly and severally promise to pay D. L. Dawley or bearer three hundred dollars for value received, with interest annually."

There were several endorsements on the note. The note was delivered to said Dawley, the person named therein as payee, who was also one of the signers and makers of the note, and equally interested with the plaintiff and defendant in the purposes for which the money specified in the note was being raised. On receipt of the note said Dawley furnished the society the sum of $300, which was applied to the purposes contemplated. Dawley continued to hold the note for a year

or two, when he sold and delivered the same to one Foster for a valuable consideration. Foster sued the note and recovered judgment against the plaintiff, and in 1884 sold the judgment to one Davis, who recovered a second judgment against the plaintiff, which was paid by the plaintiff under compulsion of an execution, amounting, August 5, 1885, to the sum of $491.21. Of the nine signers of the note three died insolvent prior to August 5, 1885. One, J. W. Lee, resides in this State, but is insolvent; one, E. H. Fifield, long ago removed from this State; one has recently died, but his estate is solvent; said Dawley removed to Colorado, and died there prior to said August 5th, but was solvent when he sold the note and at the time of his death. On April 2, 1878, the defendant, in the U. S. District Court for Vermont, received a discharge in bankruptcy from all debts and liabilities provable under the U. S. Bankrupt Act.

*Bromley & Clark,* for the defendant.

The discharge is a bar to this action. The note was provable under the bankrupt act by the original creditor. The plaintiff, being under a direct liability to the creditor, could have proved the same himself against the defendant in his bankruptcy proceedings. U. S. Bankrupt Act, s. 19; *Swain* v. *Barber*, 29 Vt. 292; *Mace* v. *Wells*, 7 How. 272; *Dean* v. *Speakman*, 7 Blackf. 317; *Frentress* v. *Markle*, 2 Greene, 553; *Clark* v. *Porter*, 25 Penn. St. 141. The reason of the rule in cases of co-sureties does not apply, as both parties to this action were principals. The court erred in the rule of damages. The plaintiff can call upon the co-obligors who reside out of the State for contribution as well as upon those residing here; and the court should have excluded only those who are insolvent in determining the defendant's liability.

*Henry A. Harman,* for the plaintiff.

The claim of a co-surety for contribution, both by the English and American bankrupt acts, is not discharged.

Liddell *v.* Wiswell.

*Clements* v. *Langley*, 5 B. & A. 272; *Wallis* v. *Swinbourne*, 1 Exch. 203; *Alsop* v. *Price*, 1 Dougl. 160; *Swain* v. *Barber*, 29 Vt. 292; *Dunn* v. *Sparks*, 1 Ind. 397; *Goss* v. *Gibson*, 8 Humph. 197; *Dale* v. *Warren*, 32 Me. 97. The plaintiff was·bound to pursue only the solvent co-sureties that were in this State. *Jones* v. *Clanton*, 6 Ired. Eq. 115.

The opinion of the court was delivered by

Ross, J. There were nine signers to the note of April 1, 1872. Between themselves each signer was principal, for the payment of one-ninth of the note, was surety to each other signer for the payment of one other ninth, and co-surety for the payment of the other seven-ninths. These relations the plaintiff had to each of the other signers. He has been compelled to pay the whole note, with an accumulation of interest and costs. He seeks contribution from the defendant. The defendant has interposed his discharge in bankruptcy, obtained before the plaintiff was compelled to make payment. As to the ninth of the note for the payment of which the plaintiff was principal, he has no right of contribution from any one, regardless of the defendant's discharge in bankruptcy. To the ninth of the note for the payment of which the defendant was principal and the plaintiff his surety, we think the discharge in bankruptcy is a bar. It was held to be so under the bankrupt law of 1841. The plaintiff's right to indemnity arises from the contract of suretyship. The law of 1841 allowed contingent demands to be proved, and the liability of a surety for his principal was held to be such a demand—a demand arising from the contract itself. A distinction was taken between a *contingent demand* and a *contingency whether a demand will ever exist*. The liability of a surety for his principal was held to be the former, and the equitable liability between co-sureties to sustain the burden of suretyship equally, to be the latter. Hence, while the former was held to be barred by a discharge under the law of 1841, the latter was held not to be barred when the payment was subsequent to the discharge. *Swain* v. *Barber*, 29 Vt. 292.

By the bankrupt law of 1867 all provable claims and demands are barred by a discharge. It provides for proving " contingent debts and liabilities contracted by the bankrupt" in two ways; first, by proving the whole claim and receiving a dividend thereon, if the contingency happen before the order for final dividend; secondly, by having the value of such debt or liability ascertained under an order of the court, proving and receiving a dividend on the amount so ascertained. The liability of the principal to indemnify his surety is a contract liability, a direct liability of the surety to the creditor in actual existence, provable under the bankrupt law of 1841, though the surety had paid nothing thereon. *Mace* v. *Wells*, 7 How. 272. The bankrupt law of 1867 also, as we have seen, permits such liabilities to be proved. Hence for the ninth of the note for the payment of which the plaintiff was the surety of the defendant, the defendant's discharge in bankruptcy is a bar.

The plaintiff and defendant were co-sureties for the payment of the other seven-ninths of the note. When the defendant obtained his discharge no contingent liability for contribution existed in favor of the plaintiff, only a contingency that such a liability might thereafter arise if the plaintiff should ultimately be obliged to bear more than his proportionate share of the common burden that might be cast upon him in the payment of that part of the note for which they were co-sureties. The implied obligation of the defendant to bear his proportionate share of the common burden resting on all the co-sureties is not regarded as arising from contract, but from an equitable duty which the sureties are supposed to be cognizant of, and assent to, at the time they enter into the contract of suretyship. 1 Lead. Cas. Eq. notes to *Deering* v. *Earl of Winchelsea*, 84, and cases there cited.

In *Mason* v. *Lord*, 20 Pick. 447, SHAW, C. J., says : " The action of assumpsit for contribution is founded purely on equitable principles. It proceeds upon the broad ground that when two or more are subject to a loss or burden common to all, and one bears the whole or a disproportionate part, it lays an equit-

Liddell *v.* Wiswell.

able claim for contribution from those who are thereby proportionably relieved." The doctrine thus announced has been adopted by this court in *Mills* v. *Hyde*, 19 Vt. 59 ; *Strong* v. *Mitchell*, 19 Vt. 644. Not being a contingent liability *contracted* by the defendant existing at the time of his discharge, it was not provable against his estate in bankruptcy, and is not barred by his discharge.

On the facts shown, by the agreed case, the plaintiff is under no more duty to go into a foreign jurisdiction, and attempt to secure some indemnity from the estate of D. L. Dawley than is the defendant. It may be doubtful if anything can be secured from that estate, and if there can be, it will doubtless be attended with trouble and expense. From the equitable principles which control this class of liabilities, the plaintiff and defendant are in duty bound to share equally the common burden. Hence the defendant cannot be heard to claim that it is the duty of the plaintiff to go to the distant State of Colorado and endeavor to secure something from the estate of Dawley to relieve the defendant from a part of the common burden now resting wholly on the plaintiff. It is held in this State, and generally, that insolvency of one or more of the co-sureties is regarded in actions at law for contribution, and that the share to be recovered by one who has paid the whole debt is determined by the number of solvent sureties ; and it has been held by other courts that removal from the State is for this purpose equivalent to insolvency. 1 Lead. Cas. Eq., *supra; Boardman* v. *Paige*, 11 N. H. 431.

The *pro forma* judgment of the County Court is reversed, and judgment rendered for the plaintiff to recover one-third of seven-ninths of the debt and costs paid by him August 6, 1885, with interest thereon since August 6, 1885, and his costs.