STONE et al., Appellants, vs. CORBETT, Respondent.

1. Where a cause appealed from a justice of the peace is tried in the circuit court upon an agreed statement of facts, the supreme court will reverse unless the facts support the judgment, although no instructions are asked.

2. The failure of the assignee of a note not negotiable under the statute to bring suit against the maker to the first term of the court, or first law day of the justice having jurisdiction, without excuse, discharges the assignor.

3. The statutory action by the assignee of a note against the assignor, upon failure to obtain payment from the maker, is not, it seems, to be regarded as an action *upon the note* for the purpose of giving jurisdiction to a justice, when the amount sought to be recovered exceeds his jurisdiction in other actions of assumpsit.

4. Consent of the parties cannot confer jurisdiction.

### *Appeal from Jackson Circuit Court.*

The facts appear in the opinion of the court.

J. B. *Hovey*, for appellant. 1. The note, at the time it became due, was within a justice's jurisdiction, and the plaintiffs were bound to sue at the first law day after the note became due. (3 Mo. Rep. 202, 451. 10 Mo. Rep. 553.) 2. The facts were agreed upon and in such a case no instructions are necessary. The judgment of the court is the declaration of law upon the special facts or verdict.

J. W. *Reid*, for respondent. 1. When the note was assigned to Corbett, it was for an amount exclusively within the jurisdiction of the Circuit Court. The mutual obligations of the assignee and assignor arose at the date of the assignment, and could not be altered or modified by any subsequent act of the assignee, unless it was prejudicial to the assignor. The act of accepting a part payment in boots and shoes, and thus bringing the note within a justice's jurisdiction, was not prejudicial to the assignor but for his benefit; and the assignee was only bound to sue at the earliest time at which he could have sued, if he had accepted nothing in payment. 2. As this was an appeal from a justice, the court should have been asked to declare the law by way of instruction. (19 Mo. Rep. 118.)

RYLAND, Judge, delivered the opinion of the court.

This was an action commenced originally before a justice of the peace, by the plaintiffs, Stone and others, against Corbett. The suit was against Corbett, as assignor of a note executed by John E. Wood to said Corbett, and which Corbett had assigned to the plaintiffs. The amount due on the note was $138 50, exclusive of interest, the note being originally for $151, payable five months after date, and dated April 16th, 1849: It was assigned to plaintiffs on the same day on which it was executed. On 10th September, before the note was due, the plaintiffs received from Wood, the maker and payer, the sum of $12 50, in payment of so much of said note. This payment was made in boots. On 13th December, 1849, the plaintiffs commenced their suit against Wood before a justice of the peace, and prosecuted it until *nulla bona* was returned by the constable. However, the facts appear upon an agreed statement made by the parties in the Circuit Court, upon which statement the court found the law for the plaintiffs, and judgment was given for plaintiffs. This statement is as follows :

"Defendant assigned the note in question to plaintiffs, April 16th, 1849. The note was for $151, dated April 16th, 1849, and due five month safter date, executed by John E. Wood. On the 10th September, 1849, plaintiffs received of Wood, in boots, $12 50, in payment of so much of the note, and credited it thereon. On the 13th day of December, 1849, plaintiffs commenced suit before a justice of the peace of Blue township, and prosecuted suit against Wood to judgment. Execution issued on the 31st day of December, 1849, and on the 1st day of April, 1850, said execution was returned *nulla bona*. Execution came to the hands of the constable of Blue township, 21st January, 1850. It is further agreed that, up to the time that plaintiffs commenced suit against Wood, said Wood had property to the amount of $600, in boots, shoes and leather ; that, before execution issued against Wood, and on the day of the judgment against Wood, said Wood sold out to Cogswell an

had no property; that, at the time of the assignment, Corbett was about starting to Santa Fé, and did go, and did not return until after the note was due; that two justice's law days intervened between the time that the same note became due and the commencement of the suit against Wood, at either of which plaintiffs might have sued Wood on said note; that the parties resided in Blue township, and the property of Wood was in said township up to the time it was sold to Cogswell; from the time said note came due to the time it was sued on, there was no Circuit Court held in Jackson county, and not until March, 1850, to which suit could have been brought on said note." The defendant moved for a new trial, which being overruled, he appeals to this court.

1. In a case like this, where the facts are agreed to and set down in writing, there was no necessity to ask the court to declare the law upon the agreed facts; that was the duty of the court, without being asked, and having pronounced judgment upon the agreed facts, if they will not warrant it, it must be reversed.

2. We have no hesitation in saying the facts will not support the judgment of the court below. There is not due diligence shown by the plaintiffs in prosecuting their suit on the note assigned to them. They suffered two justice's law days to pass over without bringing their suit; this, too, after the note had been, by partial payment, brought within the jurisdiction of a justice of the peace, before it was due. There is no excuse for this delay; for this negligence to sue; for this want of diligence. The plaintiffs rely upon the fact, that the note being, when assigned to them, for $151—an amount over the justice's jurisdiction—they, although having received part payment, thereby reducing it within the justice's jurisdiction, were, nevertheless, authorized to wait and sue in the Circuit Court; and there being no term of the Circuit Court until March following the maturity of the note, they could not be charged with laches or want of diligence. There is nothing in this excuse, or rather in this view of the case; they themselves do not wait until the Circuit Court in March; but they sue in December previous,

and sue, too, before a justice of the peace.    The parties all live in the same township, yet two law days elapse in which suit might have been brought on this note in that township, and no suit brought.    Why this delay ? and why afterwards sue in the township in the justice's courts ?    There is no diligence here, and the plaintiffs have lost their recourse against the assignor. In the case of *O'Fallon, Ex'r of Delany*, v. *Kerr*, (10 Mo. Rep. 553,) this court held that, to make the assignor liable, suit must be instituted at the first term after maturity, or there must be some excuse for not doing so.    (See *Collier* v. *Warburton & Riley*, 3 Mo. Rep. 203.)    Due diligence requires suit to be brought at the first court after maturity; unless a reasonable cause for the failure to do so be shown.    Here there is no cause.    It is idle to say that, because the note, when first assigned, was for $151, if it should have been reduced afterwards by payments below fifty dollars, the suit must still be commenced in the Circuit Court by the assignee, or that the assignee can have his choice, and let two justice's courts pass by, if he afterwards sues in another justice's court, before the next Circuit Court begins its term.    Due diligence requires suit to be brought at the first court having jurisdiction over the subject matter.    We do not think that it requires plaintiff to take extraordinary means to sue, such as by attachment ; but he must sue in the ordinary course of legal proceedings at the first term ; and if he fail to do so, he loses his recourse against the assignor.    This statement of facts will not, therefore, warrant the judgment of the Circuit Court.

3. Another fatal objection is found in this record.    Here, the assignees bring suit against the assignor for $138 50.    This is not on a note, but is an action of assumpsit or on account. It is not on a direct promise to pay money, but is on an implied undertaking by the assignor to pay, if the maker does not ; provided due diligence be used by the assignees in coercing or trying to coerce payment from the maker.    It is not " an action on a bond or note for the payment of any sum of money exceeding fifty dollars, exclusive of interest, and not exceeding

one hundred and fifty dollars." It is one of those cases in which, if damages are sought over ninety dollars, the justices of the peace have no jurisdiction. If the amount in controversy exceed ninety dollars, in a case like this, the justice of the peace has no jurisdiction. The parties cannot confer jurisdiction by consent. The record shows that they waived the subject of jurisdiction. I mention this subject, to let parties see that they had better take pains and begin their suits in the proper courts. The first view of this subject, that is, the want of due diligence, is fatal to the plaintiffs' action on the merits. I mention the last, that hereafter such cases may be brought in the proper courts. The judgment below is reversed, and the suit dismissed ; Judge Scott concurring.