BATCHELOR, Respondent, v. BESS, Appellant.

1. Where the amount of damages claimed by the plaintiff in a suit before a justice is not expressly shown, the amount for which he accepts a judgment will be taken as the amount claimed; and although the plaintiff may in the justice's court enter a *remittitur* for the excess recovered beyond the justice's jurisdiction, he can not be permitted to do this in the circuit court on appeal, so as to give jurisdiction.

2. If, in order to authorize the supreme court to reverse a judgment, in a case commenced before a justice, for want of jurisdiction, it must appear that the question of jurisdiction was raised and passed upon in the circuit court; this is sufficiently shown by a motion for a review in which the objection is made, although a motion for a review is not applicable in such a case.

*Appeal from Stoddard Circuit Court.*

This was an action commenced before a justice of the peace on the following instrument of writing :

" On or before the 20th day of November, 1854, I promise to pay John Batchelor or order, two hundred and twenty-five bushels of *merchandise*, corn, to be delivered on the farm I have bo't of him; value rec'd, this the 19th day of January, 1853. WM. H. BESS."

At the trial, the defendant moved to dismiss the suit for want of jurisdiction. The justice overruled the motion, and gave judgment for the plaintiff for $112 50. The defendant appealed to the Circuit Court, where a trial by the court, without a jury, resulted in a judgment for the plaintiff for ninety dollars. The court filed a written decision, or finding of facts, which stated that the value of the corn, when it became due, was one hundred and twenty-three dollars and seventy-five cents, and that the plaintiff remitted $33 75.

The defendant filed a motion for a review, with reasons, one

of which was, that the value of the corn sued for exceeded the justice's jurisdiction. The motion was ,overruled, and the defendant brought the case by appeal to this court.

*J. W. Morrow*, for appellant. 1. The remittitur in the Circuit Court could not aid the plaintiff. The justice had no jurisdiction, and consequently the Circuit Court could not have any. (R. C. 1845, p. 634–5.) 2. Justices of the peace have no jurisdiction in actions on notes exceeding ninety dollars, to be paid in property. (Martin v. Chauvin, 7 Mo. 277.)

*Hardin*, for respondent. 1. All errors of the justice were corrected by the judgment of the Circuit Court. (R. C. 1845, p. 670.) If the Circuit Court committed error, the case has not been saved properly. No instructions were asked, no evidence preserved, no exceptions saved; no motion for a new trial, nor any motion in arrest of judgment, &c. The record shows that there was a finding of the facts by the court, and a motion for a review of the judgment; but these were not necessary. (20 Mo. 453.) This finding was not authorized by law, and therefore no part of the record, and can not be used to show error in the judgment. (See the case of Harrison v. State, 10 Mo. 688.)

LEONARD, Judge, delivered the opinion of the court.

The claim of the plaintiff and the amount adjudged both exceeded a justice's jurisdiction; for, although the amount of damages claimed by the plaintiff is nowhere expressly shown, the amount for which he accepted a judgment must be here imputed to him as the amount he claimed. If he had remitted in the justice's court the excess of damage there found, that would have been sufficient; and such, it is believed, has been the opinion and practice upon this subject. But such a remittitur in the Circuit Court, after the cause has been transferred there, by appeal, can not have the same effect. When the Circuit Court becomes possessed of a cause in this manner, the lawful jurisdiction depends upon the jurisdiction of the first

court. If that tribunal had no lawful authority over the case, the Circuit Court can not acquire any by the appeal. This must be so on principle, and if we were to adjudge otherwise, the practical effect would be that, upon an appeal, on account of the defect of jurisdiction, the costs would be thrown upon the appealing party, by the mere act of the adverse party, upon his doing that in the Circuit Court that he might have done in the justice's court, and which, if done there, would have superseded the necessity of appealing. This defect of jurisdiction is not one of those imperfections in the proceedings of a justice required to be disregarded by the Circuit Court upon an appeal, (R. C. 1845, tit. "Justices' Courts," art. 8, sec. 13); and, although the remittitur in the Circuit Court, and the judgment there, for the reduced amount, may, in fact, be for the benefit instead of the injury of the party, he has yet a right to insist upon the exercise of the jurisdiction over him, where none exists, as an error to his prejudice, which this court can not disregard.

As to the point that the objection is not properly saved, we remark that the amount of the recovery in the justice's court appears, of course, upon the record, without any bill of exceptions ; and if, in order to authorize us to correct an error of this character—the exercise of jurisdiction where none exists—it must appear that the attention of the court was expressly called to it, and the matter passed upon, that is sufficiently done here by the motion and reasons for a review preserved in the bill of exceptions, which, although not applicable to a proceeding of this character, is sufficient for the purpose here indicated. The result is, the judgment of the Circuit Court must be reversed, and the suit dismissed, leaving the plaintiff at liberty to bring a fresh suit in either jurisdiction, according to the amount he may seek to recover ; and, Judge Ryland concurring, it is ordered accordingly.