## BRAY v. MARSHALL, *Appellant.*

**Ejectment,** PRACTICE IN: CHANGE OF VENUE: JURISDICTION.   Unless an ejectment case is transferred by a proper order entered of record from the court of the county in which the land lies, no court in any other county can acquire jurisdiction of it; and the question of jurisdiction may be raised for the first time in the Supreme Court.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER. Judge.

*John P. Ellis* for appellant.

1.. The record does not show whether, or not, a change of venue was ordered, as required by Sec. 7, p. 1356, Vol. 2, Wag. Stat., or, as permitted by Sec. 4, p. 1005, Vol. 2, Wag. Stat.   It does show that the Greene circuit court exercised a jurisdiction which alone belonged to the circuit court of Dade county.   Wag. Stat, Vol. 2, p. 1005, Sec. 3. The established rule in this State has been that, except when collaterally attacked, the proceedings should, affirmatively, show jurisdiction of the subject-matter of the suit. *Howard v. Thornton,* 50 Mo. 291; *Gilstrap v. Felts,* 50 Mo. 428; *Henderson v. Henderson,* 55 Mo. 534; *Hargis v. Morse,* 7 Kan. 417; *Steen v. Steen,* 25 Miss. 513; *Eager v. Stover,* 59 Mo. 88.

2.   The acquiescence or consent of the parties, does not waive a jurisdictional defect as to the subject-matter. *Lindell v. Han. & St. Jo. R. R. Co.,* 36 Mo. 543; *Stone v. Corbett,* 20 Mo. 350; *Dodson v. Scroggs,* 47 Mo. 285; *Cones v. Ward,* 47 Mo. 289.

3.   If the necessary jurisdictional facts do not appear upon the record, this court must conclude that they do not exist, in cases where the trial courts have been engaged in the exercise of special and statutory powers.   *K. C., St. Jo. & C. B. R. R. Co. v. Campbell,* 62 Mo. 585; *Cunningham v. Pacific R. R.,* 61 Mo. 33; *State ex rel. v. Woodson,* 41 Mo. 231; *Hansberger v. Pacific R. R. Co.,* 43 Mo. 196; *State v. Metzger,* 26 Mo. 65; *Iba v. Han. & St. Jo. R. R. Co.,* 45 Mo.

469; *McCloon v. Beattie*, 46 Mo. 391; *Schell v. Leland*, 45 Mo. 289; *Henderson v. Henderson*, 55 Mo. 534.

*Bray & Cravens* for respondent.

HOUGH, J.—This was an action of ejectment. The petition and answer were filed in the circuit court of Dade county, where the lands in controversy are situate. The subsequent proceedings were had in Greene circuit court. No order of the Dade circuit court founded upon the written consent of the parties to the removal of the cause to Greene county, as provided in the 4th section of the 3d article of the Practice Act, nor any order changing the venue in pursuance of the statute in relation to the change of venue in civil cases, is to be found in the record. The appellant now insists that the circuit court of Greene county never acquired jurisdiction of the subject-matter of the action, and that the proceedings therein were *coram non judice*.

The objection that the circuit court had not jurisdiction of the subject-matter of the action, may be made for the first time in this court. As the land sued for was situate in Dade county, the subject-matter of the action was not originally within the jurisdiction of the circuit court of Greene county, and it could only acquire jurisdiction thereof by operation of law. The consent of the parties could not confer it. An order of the circuit court of Dade county, transferring the cause to the Greene circuit court, was indispensably necessary to confer upon the latter court jurisdiction to try the cause. *Henderson v. Henderson*, 55 Mo. 534, 544.

As no such order appears in the record, the judgment of the circuit court will be reversed, and the cause will be remanded to the circuit court of Greene county, to be disposed of according to law. The other judges concur.

REVERSED.