Fields v. Maloney.

FIELDS V. MALONEY *et al.*, *Plaintiffs in Error.*

**Change of Venue:** JURISDICTION CONFERRED BY: PARTITION: EJECT-
MENT: AMENDMENT: ERROR. APPARENT ON THE FACE OF THE RECORD.
Where an action was brought in Sullivan county for partition of
land in that county and for an accounting for rents and profits and
use and occupation of the land, and afterward by change of venue
the case was sent to Livingston county and by leave of court in that
county, an amended petition in ejectment was filed, with a prayer
for damages for detention of the premises, and for the monthly
value of the rents and profits, and the case was tried on this peti-
tion, without objection from the defendant, and judgment rendered
for plaintiff; *Held,* (1) That the change of venue vested in the
Livingston court jurisdiction, not of the land for all purposes, but
of the cause of action set out in the first petition, viz: the suit for
partition of the land, and jurisdiction of that only, and consent of
the parties could confer no other jurisdiction; (2) That the petition
in ejectment was not an amendment of the first petition, but was
an abandonment of the cause of action stated in that petition and
the substitution of a new cause, and the court acquired no jurisdic-
tion thereof; (3) That under the statute the Livingston court had
no original jurisdiction of suits in ejectment for land in Sullivan
county; (4) It results that it was error to render judgment for
plaintiff on the amended petition, and as the error was apparent
on the face of the record, it was fatal, though no exception was
taken in the trial court.

*Error to Livingston Circuit Court.*—HON. E. J. BROADDUS,
Judge.

REVERSED.

*A. W. Mullins* for plaintiffs in error.

*C. H. Mansur* for defendant in error.

RAY, J.—It appears by the record that two distinct
suits between the parties were originally commenced in the
circuit court of Sullivan county, where, by order of court,
they were afterwards consolidated. After the consolida-
tion, the plaintiff, by leave of court, filed an amended peti-
tion, the object and purpose of which was the partition of

a certain tract of land, situated in Sullivan county, among the parties to this consolidated action; and, also, to compel defendants to account to plaintiff for his share of the rents and profits, and the use and occupation of the same.    After that, this cause of action, in said consolidated suit, by order of the Sullivan circuit court, was transferred to the circuit court of Livingston county, by change of venue, in due form.    After the cause reached the Livingston circuit court, the plaintiff, by leave of court, filed a second amended petition, in the nature of an action of ejectment, to recover from defe:.dant the possession of his undivided interest in the same tract of land, situated as aforesaid, in Sullivan county, together with the monthly value of the rents and profits, and damages for the detention of the same, in the ordinary way.    To this second amended petition the defendants filed answers; first, in the nature of a general denial, and secondly, setting up the ten year statute of limitation.    A trial was had upon this second amended petition, in the Livingston circuit court, which resulted in a finding and judgment for the plaintiff, from which the defendants, after unsuccessful motions for new trial and in arrest, appealed to this court.

The controlling question is, whether the Livingston circuit court had or acquired jurisdiction of the subject matter of the cause of action set out in the second amended petition.

The action thus stated, it will be seen, is ejectment. The subject matter a tract of land, situated, not in Livingston, but in Sullivan county.    Section 3483, Revision of 1879, provides that: " Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situated."    It is clear, therefore, that the Livingston circuit court had no original jurisdiction over the subject matter of the cause of action in said second amended petition.    It is contended, however, that it acquired jurisdiction by reason of the proceedings originally

commenced in the Sullivan circuit court, and regularly transferred to the Livingston circuit court by change of venue, as aforesaid.

It may be conceded that the transfer from the Sullivan to the Livingston circuit court was regular, in this case. It may be also conceded that, after the transfer, the cause may be prosecuted to final judgment, as if no change of venue had occurred, and that any amendment permissible in the former is allowable in the latter. But, in neither court, can a plaintiff so amend as to state an entirely new cause of action. The rule is, that the previous pleading must show that the cause of action presented in the new pleading is the same as that upon which the action was originally based. The courts are always liberal in allowing amendments, so long as the original cause of action is not changed thereby. This position is abundantly supported by the following authorities : Bliss on Code Plead., § 429 ; *Lottman v. Barnett*, 62 Mo. 159 ; *Gibbons v. Steamboat Fanny Barker*, 40 Mo. 253; *Milliken v. Whitehouse*, 49 Me. 527 ; *Cooper v. Waldron*, 50 Me. 80 ; *Sumner v. Brown*, 34 Vt. 194; *Steffy v. Carpenter*, 37 Pa. St. 41; *Snead v. McCoull*, 12 How. 407, and *Walden v. Bodley*, 14 Pet. 156.

It may likewise be conceded that all amendments, that are germane to the original proceeding, and all pleadings, the purpose of which is to substitute another cause of action, of which the court has jurisdiction, are matters of exception, to be saved by bill; but where the new petition filed under the guise of amendment, sets forth a different cause of action, of which the court has no jurisdiction, and that fact appears upon the face of the new petition, the action of the court in permitting it to be filed, and rendering judgment upon it is a matter of error, and may be reviewed here, without saving any exceptions. *Bateson v. Clark*, 37 Mo. 34. And it may be further conceded, that if the cause of action contained in the second amended petition, is the same, though modified, as that set out in the first amended petition, then the Livingston circuit court

retained all the jurisdiction of the subject matter it originally acquired, by reason of the change of venue from Sullivan to Livingston, and for the purpose of the cause of action so transferred, held it as effectually as the Sullivan court originally possessed it.

The solution of the question, therefore, depends largely upon the fair construction of these two amendments, but more especially upon the effect of the second amended petition. If it can justly be held that the cause of action set out in the second amended petition, is the same as that contained in the first, then the Livingston circuit court had jurisdiction. But if it should be held that it substituted therefor an entirely new and distinct cause of action, (of which we think there can be no question,) over the subject matter of which the Livingston circuit court had no jurisdiction, then its judgment is void.

That an action for the partition of a given tract of land, by one joint tenant against the others, (and also to compel them to account for rents and profits, or use and occupation,) is not the same as an ordinary action of ejectment, by one of said tenants against the others, for the recovery of his undivided interest therein, (including the monthly value of the rents and profits, damages, etc.,) we think too plain for argument. That the Livingston circuit court had no original jurisdiction of an action of ejectment for a tract of land situated in Sullivan county, is equally clear. R. S. 1879, § 3483. It follows, therefore, that the second amended petition in this case was the substitution of a new cause of action, and not an amendment of the original cause set out in the original amendment. It operated as an abandonment of the cause of action transferred from Sullivan to Livingston, and substituted in lieu thereof a new cause of action, over the subject matter of which the Livingston circuit court had neither original nor acquired jurisdiction. In this case, the entire record, in point of fact, is before us, and we fail to see how rule 13 of this court—74 Mo. Rep. at close of volume—can be of any avail to the plaintiff,

since, if the clerk had strictly complied with the rule, the want of jurisdiction over the subject matter would still have been manifest on the face of this second amended petition, and nothing to show a change of venue. As this want of jurisdiction appears on the record proper, no bill of exceptions is necessary to enable us to review it. Neither is it waived by appearance and answer; nor can it be conferred by consent or agreement of parties; but only by the law. It may also be taken advantage of at any stage of the proceeding, either in the lower court or that of last resort. These positions are fully sustained by the following authorities: R. S. 1879, § 3519; Freeman on Judg., §§ 118, 121; *Brown v. Woody*, 64 Mo. 547; *Bray v. Marshall*, 66 Mo. 122; *Henderson v. Henderson*, 55 Mo. 534; *Stone v. Corbett*, 20 Mo. 350; *Dodson v. Scroggs*, 47 Mo. 285.

For these reasons, the judgment of the circuit court is reversed and remanded. All concur except NORTON and SHERWOOD, JJ., who dissent.

HOUGH, C. J., CONCURRING.—*Bray v. Marshall*, 66 Mo. 122, was an action of ejectment for lands lying in Dade county. The cause was tried in the Greene circuit court without objection from either party. Nothing appeared in the record showing that the Greene circuit court had acquired jurisdiction of that action in the manner provided by the statute, and on appeal the point was made for the first time in this court, that the proceedings in the Greene circuit court were *coram non judice*. This court decided, all the judges concurring, that the Greene circuit court had no jurisdiction of the action. A similar ruling was made in *Jacks v. Moore*, 33 Ark. 31. Parties cannot go to the city of St. Louis, and by agreement between themselves institute and try in the circuit court of that city an action of ejectment for land lying in the City of Kansas; and if it be permissible to suppose that the circuit court of that city would take cognizance of such a suit, its action in so doing would constitute error on the face of the record.

The change of venue from Sullivan county to Livingston county gave the Livingston circuit court jurisdiction over the land lying in Sullivan for the purpose of hearing and determining the suit in partition only, and not for any other purpose whatever. The Livingston circuit court had no jurisdiction over any cause of action affecting land in Sullivan county, except such as had been transferred to it. The cause of action transferred was an alleged right to partition of certain lands in Sullivan county. Jurisdiction of this cause of action could not have been acquired by the Livingston circuit court by consent of parties. It could only have been acquired, as it was, by an order of the Sullivan circuit court changing its venue to Livingston county. *Henderson v. Henderson*, 55 Mo. 534. The transfer of jurisdiction of this cause of action did not also confer jurisdiction of a suit to enforce specific performance of a contract of sale of said land, or of a suit to enforce a vendor's or mechanic's lien against said land, or of an action of ejectment for said land, and the consent of parties could not confer jurisdiction of either of these causes of action on the Livingston circuit court. In an action concerning the possession of land or the title thereto, the land is not of itself and by itself, the subject matter of the action, any more than money is the subject matter of all actions, the judgment in which must be satisfied in money, and the fact that the Livingston circuit court acquired jurisdiction over said lands in Sullivan county for one purpose did not give it jurisdiction over said lands for all purposes. The Livingston circuit court has no general jurisdiction over actions of ejectment; its original jurisdiction in such cases is limited to lands lying in Livingston county. The subject matter of the action which was transferred by change of venue was not the subject matter of the action which was tried. The subject matter of the action which was transferred was the right to a partition of the land in question; the subject matter of the action which was tried, was the right of possession of said land without partition thereof.

As the circuit court of Livingston county had neither original nor acquired jurisdiction of the action of ejectment for lands in Sullivan county, its judgment cannot be permitted to stand.

The case of *Ulrici v. Papin*, 11 Mo. 42, is not at all analagous to the present. When a suit affecting lands lying in several counties is brought in one of such counties where it is alleged the greater part of such lands lie, and the contrary does not clearly appear from the petition, objection to the jurisdiction must of course be taken by plea in the trial court. Whether the greater part of the lands lie in the county in which the suit was brought, may be in some cases a question of fact to be passed upon by the court trying the cause, and when the court renders final judgment in such a cause, that question becomes *res judicata*, like any other question of fact necessarily involved in the judgment, and such judgment is not thereafter subject to collateral attack. *Chouteau v. Allen*, 70 Mo. 290, sheds no light on this case. The statute expressly authorizes suits to foreclose mortgages on real property to be brought in any county in which any portion of the mortgaged premises is situated. Where the suit is so brought the court acquires jurisdiction of the cause, and such jurisdiction will not be forfeited because the court may not render judgment against the land lying in the county where the suit is brought. When there are two mortgages on the same land the foreclosure of the first in no manner affects the jurisdiction of the court over a suit to foreclose the second. Suit may still be brought on the second mortgage in any county in which any portion of the land included in the second mortgage is situated. This was done in *Chouteau v. Allen*, and the statute was sufficient authority for it. The cases cited in argument involving the question of jurisdiction of the person have no possible relevancy to the case at bar. I concur in reversing the judgment and remanding the cause.

SHERWOOD, J., DISSENTING.—I dissent because I regard the foregoing opinions radically wrong. These are my reasons :

When the cause was taken by change of venue from Sullivan to Livingston county, the mandate of the statute was that it should be " proceeded in and determined as if it had originated therein." R. S. 1879, § 3736. And the Livingston circuit court, by reason of the transfer, had the right, power and authority to proceed to final judgment in the cause in the same manner, to all intents and purposes, as if the cause had arisen in Livingston county. Ib., § 3741. If the cause of action had remained in the county where it originated, no one would question that if plaintiff had amended his petition, or, if you please, by such amendment, changed his cause of action, and the defendants had answered to the merits and gone to trial, the judgment would have been binding upon them. *Ward v. Pine*, 50 Mo. 38.

As already seen, section 3736, *supra*, provides that when a cause is sent by change of venue to another county, it shall be " proceeded in and determined as if it had originated therein." The effect of the change of venue, therefore, to all intents and purposes, was the same, so far as concerned the power of the Livingston circuit court, as if the land over which the controversy arose, had been bodily transferred to Livingston county, and the territorial limits of that county had been enlarged by such addition. If the court whence the cause came, could have allowed the amendment or the change of the cause of action, then, so, also, could the court to which the cause was taken—or else the statute means not what it says, and the power of amendment is lost by reason of the change of venue—which is an impossible supposition.

But waiving all the above, I confidently maintain that the Livingston circuit court had jurisdiction over the "subject matter of the action," and this regardless of any ques-

tion of change of venue, and that this being true, any irregular exercise of such jurisdiction could only be taken advantage of by a plea to the jurisdiction, and that such plea is as necessary in local as in transitory actions, and that if such plea be not made before pleading to the merits, it will be too late to raise the point. 2 Saund., 209, n. 1; *Hembree v. Campbell, infra,* and cases cited; 1 Tidd Prac., 630, and cases cited. Thus, tenant or defendant may plead to the jurisdiction of the court, that the land is ancient demesne, or "that the land is within a county palatine; lies in a franchise *ubi breve domini regis non currit.*" Com. Dig., p. 32; Tit. Abatement; *Doe v. Robinson,* 2 Str. 1120.

In Vermont, some sheep were replevied in Orange county, but the suit was brought in Washington county, and the writ made returnable to the county court of the latter county. Poland, C. J., speaking of the action, says: "The statute also provides that the writ shall be returnable to the county court for the county in which the goods are detained. The action being to recover personal property, is of a transitory character, and except for this provision of the statute, might well be brought in any county where either of the parties lived. The general provision of our statute in relation to actions brought to the supreme and county courts, is, that they shall be brought in the county where one of the parties resides; and suits before justices of the peace shall be brought in the town where one of the parties lives; but it was never supposed that, if brought in some other county or town, it was a case of want of jurisdiction, so that if the action proceeded to judgment, the judgment would be void. *University v. Joslin,* 21 Vt. 52. We regard this case as being precisely of the same character, and that the ground on which this case was dismissed, was an objection to the particular process, and not a lack of jurisdiction over the subject matter. In *Hall v. Gilmore,* 40 Me. 578, under a statute precisely like ours in this respect, it was decided that if the suit be brought in the wrong county, the error, to be available to the defend-

ant, must be shown in abatement." *Collamer v. Page*, 35 Vt. 387. In Maine the action of replevin is regarded as local.

In *McMinn v. Hamilton*, 77 N. C. 300, Faircloth, J., said: "Where a court has no jurisdiction of the subject matter, the objection can be taken at any time, and indeed as soon as this fact is discovered the court *mero motu* will take notice of it and dismiss the action. But if it has jurisdiction of the subject matter and the venue is wrong, the objection must be taken in apt time; and if the defendant pleads to the merits of the action, he will be taken to have waived the objection. He cannot have two chances." So, also, where a foreign corporation was improperly served with process, and pleaded to the merits, it was held too late subsequently to raise the point of jurisdiction. *Ward v. Roy*, 69 N. Y. 96.

In *Hembree v. Campbell*, 8 Mo. 572, an action of trover was brought in Dade county, but process was served on the defendant in Polk county. He appeared and pleaded to the merits, but after that successfully moved to quash the writ, and Scott, J., said: "The question is, whether the motion was properly sustained by the court below? The statute regulating practice at law directs, that a suit instituted by summons or capias shall be brought, when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found. It was clearly illegal for a plaintiff residing in Dade county to bring suit against a party residing in another county. But the circuit court of Dade county is a court of general jurisdiction; it had jurisdiction of the subject matter of this suit; and if the defendant being served with the process, appeared and pleaded to the merits of the action, thereby acknowledging jurisdiction of his person, he would not be allowed afterward to object to the regularity of the proceedings." So, also, in *Powers v. Browder*, 13 Mo. 154, an action of debt removed by change of venue from Benton

county to Polk county. The affidavit was irregular, but no point was made on it till several steps were taken, and Napton, J., remarked: "That the circuit court of Polk county had jurisdiction of the subject matter of this suit, is beyond dispute. The voluntary appearance of the defendants during the progress of the cause, subsequent to its removal to Polk county, gave the court of that county jurisdiction over their persons." So, also, in *Ulrici v. Papin*, 11 Mo. 42, where the then existing statute required that "suits in equity concerning real estate or whereby the same may be affected, shall be brought in the county within which such real estate or a greater part thereof is situate," and by demurrer to the bill it was objected that the suit was not brought in the proper county in conformity with the statutory provision. Judge Scott remarked: "That it does not clearly appear where the greater part of the lands lie. This objection, if tenable, should have been raised by a plea to the jurisdiction." So, also, in *Chouteau v. Allen*, 70 Mo. 290, there were two mortgages on lands in Mississippi and other counties. The lien of the State, being a prior incumbrance, was foreclosed, as to land in that county, and of course left no land in that county on which foreclosure proceedings based on the second mortgage could operate. The statute then in force provided that in suits for the foreclosure of mortgages of real estate, "the petition may be filed in any county where any part of the mortgaged premises is situate." 2 Wag. Stat., § 3, p. 954. And it was strenuously pressed upon our attention, that inasmuch as the suit for the foreclosure of the second mortgage was brought in Mississippi county, and no foreclosure asked as to lands in that county, but only as to lands in adjacent counties, that, therefore, the circuit court of that county had no jurisdiction. But we held otherwise, even on a motion for rehearing, remarking: "After a court, which has general jurisdiction over a certain class of causes, proceeds without objection to the hearing of a cause belonging to that class, it is quite too late in this court to raise

objections to the irregular exercise of such jurisdiction; such objections, even if originally valid, lose their force when waived by pleading to the merits. And we can discover no difference in principle between this case and that of *Hembree v. Campbell, supra.*" The cases of *Chouteau v. Allen* and *Ulrici v. Papin,* would seem decisive of this one. Of course mere failure to plead to the jurisdiction, where the court had none, could not create a jurisdiction. And this is what is meant when it is said that " consent of parties cannot confer jurisdiction." *Stone v. Corbett,* 20 Mo. 350.

What is that something called in section 3519, "jurisdiction of the court over the subject matter of the action ?" I answer that question in this way: It is the authority conferred by law upon .certain courts to hear and determine a certain class of causes. This power thus conferred, is conferred by the law alone, and never can be conferred by the parties. It exists always in the courts, although it can only be brought into exercise by the service of process or the appearance of the parties. When such a court having jurisdiction over a certain class of causes, conferred in a manner as aforesaid, issues its process in a cause belonging to one of those classes, and the process is served, or the parties to the particular suit voluntarily appear to the suit, and no timely objection is taken to the exercise of jurisdiction by the court, the judgment rendered is a finality, whether the "jurisdiction of the court over the subject matter of the action," be regularly or irregularly exercised. These views of mine are fully supported by the authorities I have cited, as well as by a recent case in New York, *Hunt v. Hunt,* 72 N. Y. 217; *s. c.,* 28 Am. Rep. 129, where Judge Folger says: "Jurisdiction of the subject matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. One court has jurisdiction in criminal cases ; another in civil cases ; each in

its sphere has jurisdiction of the subject matter. Yet the facts, the acts of the party proceeded against, may be the same in a civil case, as in a criminal case—as for instance, in a civil action for false and fraudulent representations and deceit, and in a criminal action for obtaining property by false pretenses. We should not say that the court of civil powers had jurisdiction of the criminal action, nor *vice versa*, though each had power to pass upon allegations of the same facts. So that there is a more general meaning to the phrase 'subject matter' in this connection, than power to act upon a particular state of facts. It is the power to act upon the general, and so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power: A suitor for a judgment of divorce may come into any court of the state in which he is domiciled, which is empowered to entertain a suit therefor, and to give judgment between husband and wife of a dissolution of their marriage state. If he does not establish a cause for divorce, jurisdiction to pronounce judgment does not leave the court. It has power to give judgment that he has not made out a case. That judgment would be so valid and effectual as to bind him thereafter, and to be *res judicata* as to him in another like attempt by him. If that court, however, should err, and give judgment that he had made out his case, jurisdiction remains in it so to do. The error is to be corrected in that very action. It may not be shown collaterally to avoid the judgment, while it stands unreversed, whether the judgment be availed of in the state of its rendition or a sister state; granted always that there has been jurisdiction of the parties to it. The judgment is in such case, also, *res judicata* against the party cast in judgment. The relevancy of this discussion will appear when we come to consider more particularly some of the points made by the plaintiff. We conclude that jurisdiction of the subject matter is the power lawfully conferred to deal with the general subject involved in the action."

Fields v. Maloney.

One can easily suppose a case where a rule different from that I have announced, would work incalculable hardship and bring reproach upon the name of courts of justice. Lands lie in several counties. A suit for partition of those lands is brought "in the circuit court of the county in which any portion of the premises are situate." R. S. 1879, § 3340. Process is duly served or the parties voluntarily appear and final judgment of partition is had, and the lands sold to strangers. Years afterward, but before the statute of limitation has run, it is discovered, upon a more accurate survey of county boundaries, that none of the lands lie in the county where suit was brought. Are those proceedings to go for nothing? Is that solemn adjudication *coram non judice?* I trow not. Or suppose that suit for partition of lands lying in one county is brought in the circuit court of that county; change of venue taken to another county, and when the transcript gets there, it is suddenly discovered that there are some unknown parties who have an interest in the lands. As to them, of course, no change of venue has been taken, and the court to which the cause has been taken has as to them, according to the theory of the majority opinion, no jurisdiction. What is to be done? Of course, if that opinion stands for law, even the voluntary appearance of the hitherto unknown parties to the action; their strong desire; their consent that it should proceed to a final determination could not affect the question, or allow partition to be made, and the only thing left to be done would be to dismiss the suit, and make a further attempt for partition. Such are some of the dangers which beset the pathway marked out by my associates—a pathway, I will venture to say, never before trodden by judicial feet.* Norton, J., concurs with me.

*Since the above was written, a replication has been filed to my dissenting opinion. I care to notice but one point in the reply: In the hypothetical case which I put of a suit for partition brought, and land afterward discovered to be in another county, I asked if the proceedings were to go for nothing. I am told now, that the question of the situation of the land, would be *res judicata* My understanding has always been that before any question of fact can be thus regarded, the *forum* where it was determined, must have had jurisdiction. Wells *Res Judicata,* §§ 6, 422, 428.