### SNITJER v. DOWNING, *Appellant.*

**Jurisdiction**: EJECTMENT: VENUE. Where an appeal in an ejectment suit is taken from one county, the land in controversy being situated in another, and the record fails to show how the circuit court of such former county acquired jurisdiction, the judgment will be reversed. The circuit court of the former county could only acquire jurisdiction by a change of venue ordered by the circuit court of the latter.

*Appeal from Schuyler Circuit Court.*—Hon. ANDREW ELLISON, Judge.

REVERSED.

*Smoot & Pettingill* for appellant.

The demurrer to the second count of defendant's an-

swer, was improperly sustained by the court. The facts set up in said count were sufficient to authorize the interference of a court of equity. A trustee should adopt all reasonable means to render the sale beneficial to the debtor. *Stoffel v. Schroder*, 62 Mo, 147 ; *Goode v. Comfort*, 39 Mo. 313. Sale made by trustee being a harsh mode of disposing of the equity of redemption, should be watched by the courts with a jealous eye, and should not be sustained unless conducted in all fairness. See *Brown v. Rensler*, 15 Ill. 507 ; *Goode v. Comfort*, 39 Mo. 313 ; *Howard v. Ames*, 3 Metc. 311 ; *Stoffel v. Schroder*, 62 Mo. 147. It is competent for the defendant to set up an equitable defense to an action of ejectment. See *Harrison v. Thomas*, 58 Mo. 468 ; *Baker v. Nall*, 59 Mo. 265 ; *Everers v. Snider*, 64 Mo. 516 ; *Sims v. Gray*, 66 Mo. 613. The finding of the court was against the evidence, and for the wrong party.

*Higbee & Shelton* for respondent.

Plaintiff recovered judgment against the makers of the note at the July term of the Schuyler circuit court, 1880, which was affirmed by this court January 31st, 1881. The same defense was made to that action as is now made in defendant's first count. This issue is, therefore, *res adjudicata*. The plaintiff had a right to purchase the note. The words " guardian," etc., in the note, are merely descriptive. *Thornton v. Rankin*, 19 Mo. 193 ; Daniels Neg. Inst., § 271. Plaintiff's title cannot be impeached collaterally. Until set aside by a direct proceeding for that purpose, the trustee's sale must stand. *Haeussler v. Mo. Glass Co.*, 52 Mo. 452. Matters *dehors* the record cannot be inquired into collaterally in an action of ejectment. *Hardin v. McCanse*, 53 Mo. 255 ; *Ellis v. Jones*, 51 Mo. 180. Irregularities cannot be taken advantage of collaterally, even when the plaintiff is the purchaser. *Pray v. Marshall*, 75 Mo. 329. Defendant's answer contains no equity. *Tetherow v. Chambers*, 74 Mo. 184 ; *Stoffel v. Schroeder*, 62 Mo. 147, and *Goode*

*v. Comfort,* 39 Mo. 313, cited by appellant, were direct proceedings to set aside trustees' sales.

PHILIPS, C.—Respondent sued appellant in ejectment to recover a lot or parcel of land near Main street, in the town of Memphis, Scotland county, as it appears from the petition and the judgment. The cause was tried in the circuit court of Schuyler county, and judgment therein was rendered in favor of plaintiff, and the defendant has brought the case here on appeal.

How the circuit court of Schuyler county acquired jurisdiction over the subject matter of litigation, to-wit, the right of possession and title to land situate in Scotland county, does not appear from the record. The clerk in certifying the transcript, in what he is pleased to designate the " Preamble," recites : " Be it remembered that heretofore, to-wit, March 17th, 1879, a petition was filed in the above entitled cause in the office of the clerk of the circuit court of Scotland county, Missouri." But no transcript or record entry legally attesting that fact is given, but merely the naked recital of the clerk of the Scotland county circuit court. If the petition was filed in Scotland county, where it alone could have been properly filed, the only mode by which the cause could have been transferred to Schuyler county, so as to give the latter court jurisdiction, was by change of venue ordered by the Scotland circuit court. *Henderson v. Henderson,* 55 Mo. 544. This case is on all-fours with that of *Bray v. Marshall,* 66 Mo. 122, the principle of which is affirmed in *Fields v. Maloney,* 78 Mo. 172.

As the defect of want of jurisdiction is apparent of record, the judgment of the circuit court is reversed and the cause remanded to the circuit court of Schuyler county to be disposed of according to law.

Ewing, C., concurs ; Martin, C., and Sherwood, J., absent.