## THE STATE v. HAWS, *Appellant.*

1. **Forgery:** INDICTMENT: DESCRIPTION OF INSTRUMENT. It is sufficient in an indictment for forgery to describe the forged instrument by the name or designation by which it is usually known or by its purport.

2. The rule applied in the case of the forgery of the names of the judge and prosecuting attorney to a fee bill in a criminal cause. .

3. **Practice:** CHANGE OF VENUE: PERFECTING TRANSCRIPT. A court to which a cause is removed on change of venue may rule the clerk of the court from which the change is awarded to perfect the transcript.

4. ———— : ———— : ————. The clerk of the latter court may by leave of court perfect such transcript without the rule.

5. ———— : ———— : ————. So the court, to which a cause is removed on change of venue, may allow the transcript to be withdrawn for the purpose of having the clerk's certificate perfected or the seal of the court added. (55 Mo. 534.)

6. 'Criminal Practice: FORGERY: INSTRUCTION, NON-REVERSIBLE ERROR. An instruction for the state, given in this case, told the jury, that, if where the fee bill was in the actual possession or control of the defendant, the name of the judge was forged thereto with intent to defraud, and the defendant sent the same to the state auditor's office for payment and received payment thereof in the county of Douglas, then the defendant will be presumed to have had knowledge of such forgery and, " unless he explains or accounts for such forgery such facts are *strong and cogent* circumstances tending to show defendant's guilt and may be sufficient to warrant the jury in finding the defendant guilty as charged in the indictment;" *held* that while the use of the words, "strong and cogent," is subject to criticism, still it is not a ground for the reversal of the judgment, especially in view of the liberal instructions given in the case at the request of defendant.

*Appeal from Ozark Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Thos. H. Musick, W. A. Love* and *J. L. Davis* for appellant.

(1) The court erred in permitting the clerk of the Douglas circuit court to attach his certificate to the

transcript after it had been placed on file in the office of the circuit clerk of Ozark county, and should have sustained defendant's motion to strike said transcript from the files. R. S., secs. 1869, 1870. (2) The court erred in overruling defendant's motion to quash the indictment. R. S., secs. 1394, 2107, 2108, 2118. (3) The court erred in permitting any evidence by the state under the indictment, as such evidence was not responsive to the issues and was not admissible under the indictment. The indictment charges the forging of a fee bill, and the evidence given by the witnesses tended to show a forgery, of a certificate to the fee bill by signing the name of J. R. Woodside to the same. (4) The court erred in giving instructions 1, 4 and 5 on part of the state. (5) The court erred in refusing the instructions asked by defendant.

*B. G. Boone,* Attorney General, for the State.

(1) Defendant (appellant) will not be heard to complain because the circuit court of Ozark county, after the case had been transferred to that court from Douglas county, permitted the clerk of Douglas county to append a formal and correct certificate to the transcript as to its correctness. The certificate of the clerk of the court from whence a case has been transferred by change of venue is simply *prima-facie* proof of the correctness of the transcript; if such certificate is found to be imperfect or entirely lacking it may, upon an order of the court where the case is pending, direct that such omission be supplied by the clerk who made out the transcript. After a party to a suit has applied for and has been granted a change of venue he will not be heard to complain as to immaterial matters of form such as a clerk's certificate. His remedy if any is for a perfect certificate—no complaint being made against the substance of the transcript; and as this had been supplied by the court's own order, defendant's objection, in this regard, is without merit. (2) The indictment is

sufficient.   It alleges that defendant did unlawfully,
feloniously and falsely make and forge a certain instru-
ment in writing, to-wit, a fee bill, purporting to be the
act of J. R. Woodside, then judge of the circuit court,
etc.   It is the mere refinement of a technicality to say
that, because Revised Statutes, 1879, section 2107,
authorizes the clerk of the court to *make out fee bills*
and section 2108 requires the judge and prosecuting
attorney to approve them, therefore, no authority on
such judge and prosecuting attorney to *make out fee
bills* and no offense is charged in the indictment.   The
affirmative allegations having been made that such
judge and prosecuting attorney were then and there
officials authorized to make and sign such fee bills, and
that the fee bill purported to have been made in that
circuit and county, and that the case in which it
purported to have been issued was disposed of by the
grand jury failing to find a bill, all other allegations
may be rejected as surplusage.   *State v. Maupin*, 57
Mo. 205.   (3) The instructions given are not subject to
objection.

BLACK, J.—The defendant was indicted in the
Douglas county circuit court for forgery in the third
degree, and appealed from a conviction had in Ozark
circuit court, to which the cause had been transferred
by change of venue.   The indictment, omitting immate-
rial parts, is in these words : "That S. G. Haws at etc.,
on etc. did unlawfully, feloniously, falsely, make and
forge a certain instrument in writing, to-wit, a fee bill,
purporting to be the act of one J. R. Woodside, then
judge of the circuit court within and for the said county
of Douglas, and one John H. Payne, who was then and
there prosecuting attorney of said county of Douglas,
and they the said J. R. Woodside and John H. Payne
then and there having the legal power and authority as
such officers to make, create and sign fee bills against
the state of Missouri ; by which said purported fee bill

a pecuniary demand and obligation for the payment of thirty-three dollars and seventy cents, by the state of Missouri to the said S. G. Haws purported to be created, which said false forged instrument and fee bill is of the purport following:

    "'The State of Missouri ⎫ In the J. P. of Douglas
            *vs.* ⎬ county, Missouri, Thir-
    "' Abraham McDaniel. ⎭ teenth Judicial Circuit.

    "'Bill of costs chargeable against the state of Missouri in the case above stated upon an affidavit preferred against the defendant for felonious assault with intent to kill, presented to the grand jury of Douglas county, Missouri, at the March term, A. D. 1886, of the circuit court of said county and the grand jury failed to indict the said Abraham McDaniel. (Then follows an itemized statement of the account, aggregating $33.70.)

    "'We, the judge of the thirteenth judicial circuit of the state of Missouri, and the prosecuting attorney of the county aforesaid, do hereby certify that we have strictly examined the foregoing bill of costs during the vacation of the circuit court at —— term, 188–, and find the same, amounting to $33.70, to be correct, and the state of Missouri is liable for the payment thereof; we further certify that the defendant was not indicted; that the offense charged assault with intent to kill, and punishable by imprisonment, and that the services were rendered for which charges are made, and that compensation is given by law for the services for which charges are made, and that the costs are properly taxed against the proper party. We further certify that the defendant is insolvent, and that no costs charged on the foregoing bill (except for board) were incurred on part of said defendant.

        "' J. R. WOODSIDE, Judge.
        "' JOHN H. PAYNE, Pros. Att'y.'"

To the above is attached and copied in the indictment the certificate of defendant as clerk of the circuit court of Douglas county.

During the trial, it was conceded that the name of the judge to the certificate was a forgery. The evidence for the state is to the effect, that defendant's deputy made out the fee bill, prepared the certificate for the judge and prosecuting attorney to sign, and that defendant added his certificate thereto. This and twenty or thirty other fee bills were then handed to Mr. Payne, the prosecuting attorney, who took them to the judge, then holding court in Ozark county, for his signature. The prosecuting attorney returned the fee bills to defendant, stating to him that the judge refused to certify this McDaniel fee bill. All this was done in the early part of April, 1886; and the defendant sent this bill of costs to the state auditor, with the name of the judge signed thereto by some one other than the judge. The auditor returned a check for the amount thereof on the twenty-eighth of the same month, which defendant cashed. Some of the persons to whom the fees were due testified that defendant had not paid the fees due to them, though demanded of him. There was other evidence tending to show that defendant forged the signature of the judge. Defendant testified that he did not sign the name of the judge to the certificate, though he thinks it had been signed when he sent the bill to the auditor, but by whom he does not know.

1. The indictment is based upon Revised Statutes, 1879, section 1394; and the first contention is that it should have been quashed, because the defendant is charged with having forged a fee bill when the judge and prosecuting attorney had no power to make a fee bill; that the indictment should have been for forging a certificate to a fee bill and not for forging a fee bill. And for substantially the same reason it is urged that the court should have excluded the evidence offered by the state.

By Revised Statutes, 1879, sections 2107 and 2108, it is made the duty of the clerk, when the state is liable for the costs, to tax the same and to make out and

deliver to the prosecuting attorney a fee bill, specifying each item of costs. The latter must examine the same, correct the errors, if any there be, and report to the judge. If a correct and proper charge against the state, the judge and prosecuting attorney must certify the amount to the state auditor. The writing thus made out by the clerk is called a fee bill, both before and after it has been certified by the judge and prosecuting attorney. It is not, nor does it purport to be, an obligation against the state until certified by these officers. It is sufficient in the indictment to describe the instrument by the name or designation by which it is usually known, or by the purport thereof. Revised Statutes, 1879, sec. 1814. Here the instrument is fully described in the purport clause, and that clause shows that it is a certified fee bill which the defendant is charged as having forged. Besides this, under a further allegation of purport, the tenor of the writing is given. Doubtless the charge might have been that defendant forged the certificate, as was done in the case of *State v. Maupin*, 57 Mo. 205. But it does not follow that this indictment is bad; on the contrary it is good and the evidence was properly received.

2. On a suggestion by the state to the Ozark circuit court, that the transcript filed therein had not been properly certified, the court made a rule on the clerk of the Douglas circuit court to perfect the transcript by making a proper certificate, and on the next day the clerk filed a perfected transcript, as stated in the record, to which defendant objected, and he then filed a motion to strike the transcript from the files of the court, which was overruled. When the order of removal was made by the Douglas circuit court, it became the duty of the clerk to make out and transmit to the Ozark circuit clerk a transcript of the record in the cause, "duly certified under the seal of the court," and "such transcript" when received and filed by the clerk of the court

to which the cause is removed, becomes a record of that
court.   Revised Statutes, 1879, secs. 1869, 1870.

The fact that the transcript was not duly certified
did not deprive the Ozark court of the power to make
an order in the cause.   The statute as to making out
the transcript is directory, and it was entirely compe-
tent and proper for the Ozark circuit court to make the
rule on the clerk of the court from which the cause had
been removed.   It was the duty of the clerk to obey
the rule.   By leave he could have perfected the tran-
script without the rule.   The court to which a cause is
removed on change of venue, and in which a transcript
is filed, may allow the transcript to be withdrawn for
the purpose of having the same perfected as to the
clerk's certificate, or the seal of the court added.
*Henderson v. Henderson*, 55 Mo. 534.   There was no
error in these rulings of the court.

3.   Objection is also made to the first instruction
given on the request of the state by which the jurors
were told that if, while the fee bill was in the actual
possession or control of defendant, the name of J. R.
Woodside was forged thereto, with intent to defraud,
and defendant sent the same to the state auditor's office
for payment, and received payment thereof in the
county of Douglas, then the defendant will be presumed
to have knowledge of such forgery, "and unless he
explains or accounts for such forgery, such facts are
strong and cogent circumstances tending to show the
defendant's guilt, and may be sufficient to warrant the
jury in finding the defendant guilty as charged in the
indictment."   It is to the quoted part of the instruction
that objection is made, and to that we confine our atten-
tion.   The objection is that the words used are too
strong, are calculated to leave the impression that it
was the duty of the jury to convict under the facts
stated.   It is to be observed that the question here is

not as to what evidence will raise a presumption of, or be sufficient to show, the place where the forgery was committed. The question to be considered relates alone to the evidence as bearing upon the question whether defendant forged the name of Judge Woodside.

Possession of a forged instrument by a person claiming under it, it has been held, is evidence that such person made the false signature, or caused it to be made. *Commonwealth v. Talbot*, 2 Allen, 161. In *State v. Yerger*, 86 Mo. 33, the defendant was indicted for forging a check in the name of a fictitious firm; the evidence showed that he uttered the same, and that he had possession of the check immediately after the crime had been committed. There was some other evidence, but it was held that the recent possession of the check by the defendant was sufficient evidence to support a verdict of guilty. To the same effect is *Reg. v. James*, 4 Cox's C. C. 90. The facts therefore that the name of Judge Woodside was forged, while the fee bill was in the actual possession or control of this defendant, and that he collected the amount thereof from the state auditor are evidence that defendant made the false signature. These are facts from which the jury could infer that he committed the forgery, and there was no error in so instructing the jury. The use of the words *strong* and *cogent* is subject to criticism, as tending to invade the province of the jury, whose duty it was to determine the weight of the evidence. But the further words of the instruction show that it was still left to the jury to determine the question of defendant's guilt from all the evidence. Other instructions given at the request of the defendant in clear terms kept the burden of proof upon the state throughout the entire case. Whilst the instruction is subject to some criticism, in the respect before stated, there is nothing in it to justify a reversal and especially so in view of the liberal instructions given at the request of the defendant.

The judgment is therefore affirmed. SHERWOOD, J., absent; the other judges concur, except BARCLAY, J., who dissents.

### DISSENTING OPINION.

BARCLAY, J.—It appears to me that the first instruction for the state (accurately quoted in the foregoing opinion) is a departure from our law which invests the jury with the power to determine the weight and sufficiency of testimony and expressly forbids the court, in any criminal case, to "comment upon the evidence or charge the jury as to matter of fact, unless requested so to do by the prosecuting attorney and the defendant or his counsel." R. S. 1879, sec. 1920.

Defendant saved exception to it at the time. No suggestion has been made of any waiver or other act weakening the effect of his objection.

If there was error in giving the instruction a new trial should be granted unless the court is satisfied that it was harmless. It may have been, but what has been said to that effect does not appear convincing to me.

It would probably serve no useful purpose to go further, even did time permit, than to file this mere memorandum of dissent from the conclusion announced by my able and faithful associate.