Collier v. Wilson.

---

JOHN COLLIER, Respondent, v. W. F. WILSON *et al.*, Defendants; W. F. WILSON, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Change of Venue:** JURISDICTIONAL CONDITIONS. It is essential to the validity of a change of venue from a circuit court in vacation, that a written order therefor should be made by the judge of the court and filed with the clerk.

2. ———: ———: PRACTICE, APPELLATE. The validity of the change of venue may be assailed in this court on the ground of the absence of such written order, though all the parties to the cause appeared without objection at the trial in the court to which it is claimed the change of venue was awarded.

3. ———: ———. But *semble*, that the proceedings in the court in which the trial thus takes place may be treated as a new action by consent, and the judgment accordingly be upheld, if such court has original jurisdiction of the subject-matter of the action.

*Appeal from the Laclede County Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*J. W. Farris* for appellants.

The court, in which the application for change of venue is made, does not lose jurisdiction of the cause by the mere fact of the application, but it is the order granting the change of venue which divests it of jurisdiction and confers it upon the court to which the change is granted. *Whitson v. Whitson,* 89 Mo. 58. The record does not show that a change of venue was ordered. It does show that the Laclede circuit court exercised jurisdiction which alone belonged to Camden county. The acquiescence or consent of parties does not waive a jurisdictional defect as to the subject-matter. Revised Statutes, 1889, sec. 2365; *Bray v. Marshall,* 66 Mo. 122; *Dodson v. Scruggs,* 47 Mo. 285; *Ewings v. Brooks,* 69 Mo. 49; *Wernse v. McPike,* 86 Mo. 569; *Devore v. Staeckler,* 49 Mo. App. 547.

No brief filed for respondent.

BIGGS, J.—This is an action on a promissory note for $50 with some accrued interest. There was a judgment for the plaintiff for the full amount. On this appeal the appellant, Wilson, assigns for error that the court of Laclede county had no jurisdiction of the action, and that the judgment is unsupported by the evidence.

The record shows that the suit was originally brought before a justice of the peace in Camden county. The plaintiff had judgment before the justice, and the defendants appealed to the circuit court. Subsequently, the defendants made an application to the judge of the circuit court in vacation for a change of venue on account of undue influence of the plaintiff over the minds of the inhabitants of Camden county, etc. But the transcript of the proceedings in the Camden county circuit court, as it appears in the record before

us, does not show the order of the judge granting the change of venue to Laclede county, or to any other county. Revised Statutes, 1889, sec. 2263. However, the original papers and the transcript were sent to the circuit court of Laclede county. The case was tried there, all parties having appeared to the action. The defective condition of the record seems to have been overlooked.

The circuit court of Camden county could only lose jurisdiction of the cause, and the circuit court of Laclede county could only obtain it, by a written order of the judge of the Camden county circuit court granting a change of venue and awarding it to the circuit court of Laclede county. If such an order was actually made, it should have been filed with the clerk of the Camden circuit court, and the transcript of the record should have shown that fact. As it is, we are compelled to hold that the suit is still pending in the circuit court of Camden county, and that the proceedings in the circuit court of Laclede county were *coram non judice*. *Bray v. Marshall*, 66 Mo. 122.

As the action is transitory, we could treat the proceedings in the circuit court of Laclede county as those of a new action instituted by consent, were we not confronted by the insuperable objection that the principal of the note is only $50, and consequently the circuit court had no original jurisdiction of the subject-matter of the action. Such jurisdiction must be conferred or exist by law, and it cannot be conferred by litigants. *Fields v. Maloney*, 78 Mo. 176.

It follows that the judgment must be reversed and the cause remanded. If the order changing the venue was actually made and filed, then the clerk of the Camden circuit court may withdraw the transcript for the purpose of amendment. *State v. Haws*, 98 Mo. 188. If no such order was made and filed, then the circuit

court must make an order sending the papers back to the circuit court of Camden county. *Morris v. Lane,* 44 Mo. App. 1. All the judges concur.