THE MITCHELL PLANING MILL COMPANY, Respondent, v. J. M. SHORT *et al.*, Appellants.

Kansas City Court of Appeals, May 14, 1894.

1. Justices' Courts: MECHANICS' LIEN: JURISDICTION. A justice of the peace has no jurisdiction of an action to enforce a mechanics' lien when the amount claimed exceeds $250.

2. ———: APPEAL: JURISDICTION. On appeal from a justice of the peace the circuit court's jurisdiction depends on the jurisdiction of the justice.

3. ———: WHEN HEARD. The question of jurisdiction is entitled to be heard whenever and wherever raised.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

*Thompson & Wilcox* for appellant.

(1) The justice had no jurisdiction because the amount or balance claimed to be due exceeded $250. Plaintiff's account filed shows balance of $251.65. His petition claims this amount exclusive of interest and

costs. The justice found the debt to be $251.65, interest $6.25, and for the aggregate and costs plaintiff took judgment. R. S. Mo. 1889, sec. 6159. (2) The circuit court had no jurisdiction because the justice had none. *Batchelor v. Bess*, 22 Mo. 402; *Weeb v. Tweedie*, 30 Mo. 490; *Stone v. Corbett*, 20 Mo. 354. (3) The question of jurisdiction is entitled to be heard whenever and wherever raised. *Graves v. McHugh*, 58 Mo. 500; *Bray v. Marshalls,* 66 Mo. 22; *Stone v. Corbett*, 20 Mo. 354. When justice had no jurisdiction and plaintiff, on trial, got judgment in circuit court, this court should reverse the judgment and dismiss the cause, as in *Stone v. Corbett, supra; Batchelor v. Bess, supra.*

*M. R. Downes* for respondent.

SMITH, P. J.—This is an action which was brought before a justice of the peace to enforce a mechanics' lien for $251.65, exclusive of interest. There was a trial in the circuit court where the cause was removed by appeal, which resulted in judgment for plaintiff for $257.01, with costs, from which the defendants have appealed.

The defendants assail the judgment on the ground that the justice had no jurisdiction of the action because the amount claimed exceeded the sum of $250.

Section 6159, Revised Statutes, provides that in counties having over fifty thousand inhabitants, of which the county of Jackson, the county where the action was brought, is one, justices of the peace shall have jurisdiction in all actions brought to enforce mechanics' liens as provided by law for enforcing liens in the circuit court, when the amount claimed to be due does not exceed $250. It is, therefore, manifest

Musick v. Dold Packing Co.

that the justice had no jurisdiction of the subject-matter of the action.

And the rule is that, when the circuit court becomes possessed of a cause by appeal the lawful jurisdiction depends upon the jurisdiction of the justice. *Batchelor v. Bess*, 22 Mo. 402; *Weeb v. Tweedie*, 30 Mo. 490; *Stone v. Corbett*, 20 Mo. 354.

The question of jurisdiction is entitled to be heard whenever and wherever raised. *Bray v. Marshalls*, 66 Mo. 122; *Stone v. Corbett*, 20 Mo. 354.

Hence, it follows that neither the justice nor the circuit court had jurisdiction of the subject-matter of the action, so that it only remains for us to reverse the judgment, which is ordered accordingly. All concur.